1   Glen L. Kulik, Esq. (SBN 082170)
    gkulik@kgswlaw.com
2   David A. Bernardoni, Esq. (SBN 228155)
    dbernardoni@kgswlaw.com
3   **KULIK GOTTESMAN SIEGEL & WARE LLP**
    15303 Ventura Blvd., Suite 1400
4   Sherman Oaks, CA 91403
    Tel:   (310) 557-9200
5   Fax:  (310) 557-0224

6   Francis Malofiy, Esq. (*pro hac* motion pending)
    francis@francisalexander.com
7   Alfred (AJ) Fluehr, Esq. (*pro hac* motion pending)
    aj@francisalexander.com
8   **FRANCIS ALEXANDER, LLC**
    280 N. Providence Rd., Suite 1
9   Media, PA 19063
    Tel:   (215) 500-1000
10  Fax:  (215) 500-1005

11  *Attorneys for Plaintiffs*

12              **UNITED STATES DISTRICT COURT**
13          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14  William Smith;                          | **Case No.:**
15  Brian Clover;
16  Scott McCulloch                         | **COMPLAINT FOR**
            *Plaintiff*                      | **COPYRIGHT INFRINGEMENT**
17              v.
18  The Weeknd;                             | **Counts:**
19  Abel M. Tesfaye (p/k/a The Weeknd);     | 1.  Direct Copyright Infringement
    Jason Quenneville (p/k/a DaHeala);      | 2.  Contributory Copyright Infringement
20  Ahmad Balshe (p/k/a Belly);             | 3.  Vicarious Copyright Infringement
    Savan Harish Kotecha;                   | 4.  Declaration of Authorship/Ownership
21  Ali Payami;                             | 5.  Accounting – Declaratory Relief
22  Karl Martin Sandberg (p/k/a Max         | 6.  Constructive Trust – Declaratory
    Martin);                                |     Relief
23  Peter Anders Svensson;                  | 7.  Unjust Enrichment
24  The Weeknd XO, LLC;
    The Weeknd XO, Inc.;
25  DaHeala & Co., LLC;
26  MXM, LLC;
    MXM Publishing;                         | **DEMAND FOR JURY TRIAL**
27  MXM Music AB;
28  Wolf Cousins;
    Universal Music Group, Inc.;

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Universal Music Publishing, Inc.
Universal Music Corporation;
Universal Music Publishing LTD;
Universal Music Publishing BL Limited;
Big Life Music Ltd;
Kobalt Songs Music Publishing, Inc.;
KMR Music Royalties II SCSP;
SONGS Music Publishing LLC;
Songs of SMP;
Warner/Chappell Music, Inc.;
WB Music Corp.;
Warner/Chappell Music Scandinavia AB
Sal and CO Management LP;
Sal and CO LP;
Wassim Salibi (aka Tony Sal)
    (general partner of Sal and Co);
Artist Nation Management Group, Inc.
    (general partner of Sal and Co);
The Weeknd XO Music, ULC
XO&co., Inc. (d/b/a XO)
UMG Recordings, Inc. (d/b/a Republic
Records);

    *Defendants*

2

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**COMPLAINT**

1.      This music copyright infringement suit concerns superstar artist The Weeknd blatantly copying Plaintiffs' song "I Need To Love" to create the song "A Lonely Night" included on his chart-topping and Grammy award-winning *Starboy* album. A quick listen to the key-matched comparison at the following link will quickly dispel any doubt that Plaintiffs' song was copied: https://youtu.be/y-WCCWWYsj0.

2.      In 2004-05, three UK songwriters—plaintiffs William "Billy" Smith, Brian Clover, and Scott McCulloch—jointly wrote, recorded, engineered, produced, and performed a song named "I Need To Love," as well as several others. The trio jointly own all rights and copyrights in "I Need To Love." The song can be found here: https://youtu.be/yu7DKWQ2ibM.

3.      As a result of their output and talent, in 2005 publisher Big Life Music acquired rights to shop three of Plaintiffs' songs to artists, including "I Need to Love," as well as songs titled "Be My Light" and "Walk Away."

4.      Plaintiffs' "I Need to Love" was in fact pitched all over the world to many artists by Big Life.

5.      In 2008, Big Life Music (and its rights to promote Plaintiffs' songs) were acquired by Universal Music Publishing Group, by and through the company Universal Music Publishing BL Limited, a successor business to Big Life.

6.      In 2016, Universal informed Plaintiffs that the 3 songs had not been exploited.

7.      Shortly thereafter, on November 11, 2016, Universal voluntarily relinquished all claims to Plaintiffs' compositions, stating that "Publisher confirms that it has relinquished any and all claim in and to the unexploited compositions listed in the schedule to this letter with effect from 11 November 2016." This relinquishment included "I Need To Love."

3

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

8.     Two weeks later on November 25, 2016, artist The Weeknd (real name is Abel Tesfaye) and Universal released his massively successful album *Starboy*, which topped the charts. On that album was a song named "A Lonely Night." It can be found here: https://youtu.be/i4ghdw373a4.

9.     The trio first became aware of "A Lonely Night" when plaintiff Clover heard the song while shopping at Topman in Colchester, UK. Mr. Clover instantly knew that the song he was hearing was in fact the trio's "I Need To Love" that Plaintiffs had written in 2004-05 and which Universal promoted from 2005-2016.

10.     A comparison of "A Lonely Night" and Plaintiffs' song "I Need To Love" shows that the songs are not only substantially similar, but strikingly similar.

11.     Plaintiffs' expert musicologist, Alexander Stewart, is clear that the similarities between the two songs could only result from copying:

> My preliminary investigation and analysis has revealed substantial similarities between these two songs. Subjectively, I believe these similarities are so clear as to be obvious even to a casual listener. As seen in my objective analysis below, these similarities amount to, both quantitatively and qualitatively, the most important musical expression in both works. *In my opinion, based on the level of detail in which these similarities are found, these similarities could only result from copying*.

See Exhibit 1 - Expert Musicologist Report of Dr. Alexander Stewart (emphasis added).

12.     Indeed, Dr. Stewart's analysis observes that key parts of "A Lonely Night" are practically identical to "I Need to Love":

/ / /

/ / /

/ / /

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

<u>6. Signature passage or "hook" of each song</u>

The most important musical expression in both songs consists of virtually identical musical passages. Example 1 below provides a transcription of the first full iteration of these parts in each song. As will be demonstrated in my analysis below, quantitatively and qualitatively these passages form the "hooks" or most valuable content of each song. As with the harmonies, for comparison purposes the passages have been transposed to the same key, G minor.

Example 1      Signature phrases: "Need To Love" (transposed to G minor) and "Lonely Night"



All the notes in common have been highlighted in red. Besides sharing almost all the same pitches (discussed further below under pitch sequence), the melodies in each song consist of two phrase parts, a shorter figure on the first four syllables that functions as an antecedent phrase segment and a longer figure containing the next eleven syllables that functions as a consequent or answering phrase segment. These phrase segments are separated by a quarter-rest (one-beat rest) and set to almost exactly the same pitch sequences, rhythms, metric placement, and harmony.

|      | Antecedent figure | Consequent figure |
|------|-------------------|-------------------|
| NL   | It's clear to me  | get that fun-ny feel-ing when you're next to me |
| LN   | A lone-ly night   | ba-by girl I loved you on a lone-ly night (oh) |

<u>See</u> Exhibit 1 - Expert Musicologist Report of Dr. Alexander Stewart (emphasis added).

13.    Dr. Stewart's report concludes:

The passages discussed above are the most important and memorable musical expression in both songs. Composers and producers in popular music consider that, in order to be successful, songs must contain at least one or more of these memorable passages or "hooks." These passages are unquestionably the "hooks" or most valuable expression in each song.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

[] *In this investigation and analysis I have found substantial similarities that in my opinion can only be the result of copying.* These similarities include melodic, harmonic, rhythmic, and foundational musical expression more generally as well as important details. *This expression is the most valuable content in both songs both from a quantitative and qualitative perspective.*

<u>See</u> Exhibit 1 - Expert Musicologist Report of Dr. Alexander Stewart (emphases added).

14. The identical and strikingly similar nature of the two songs establishes access.

15. It is not a coincidence that Universal Music released the *Starboy* album just two weeks after Universal returned "I Need To Love" back to Plaintiffs.

16. Not only is access proven by the songs' striking similarities, but access is also proven through both Plaintiffs' and Defendants' contacts at Universal.

17. The writers credited for the song "A Lonely Night" are defendants Tesfaye (The Weeknd), Jason Quenneville (p/k/a DeHeala), Ahmad Balshe (p/k/a Belly), Savan Hrish Kotecha, Ali Payami, Martin Sandberg (p/k/a Max Martin), and Peter Anders Svensson.

18. At all relevant times Defendant Jason Quenneville, professionally known as DaHeala, was an in-house producer for Universal Music Publishing and had access to Plaintiffs' songs. He was given priority access to unexploited songs at Universal, including Plaintiffs' "I Need To Love."

19. Furthermore, defendant Quenneville has been at all relevant times the in-house producer for The Weeknd and his creative director, and wrote five songs on the *Starboy* album ***including "A Lonely Night."***

20. The fact that The Weeknd producer and co-writer Quenneville also worked at Universal and for The Weeknd, and had access Plaintiffs' music, simply confirms that Defendants had access to and in fact copied Plaintiffs' song.

6

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

21.     This is not the first time that The Weeknd has been accused of music copyright infringement concerning the *Starboy* album.

22.     For instance, the artist Yasminah has sued The Weeknd for taking her song "Hooyo" also known as "Jewel of My Life" to create the title track "Starboy," while at least two producers for Yasminah have already settled out of court with the superstar.

23.     Other lawsuits against Defendants include allegations that The Weeknd copied a composer's film score to create hit song "The Hills," and that when creating "Belong to the World" The Weeknd sampled the song "Machine Gun" from the artist Portishead over his objection.

24.     Furthermore, according to performing rights organizations' records, it appears that "duplicate claims" have been lodged against dozens of songs written and/or performed by The Weeknd, including those co-written by Jason Quenneville.

25.     Clearly, the Weeknd does not create his own work, but merely slavishly copies others. The Weeknd's songwriting process includes using other people's work to write songs.

26.     Plaintiffs' song is registered with the Copyright Office at number: SRu001345680, protecting their musical composition "I Need To Love." See Exhibit 2. Defendants' song is registered with the Copyright Office at numbers: PA0002083923, PA0002063071, PA0002082977, and SR0000814318.

27.     The sheet music on sale of "A Lonely Night" lists the following entities as benefitting from the infringing exploitation of Plaintiffs' work:

> Songs Music Publishing, LLC o/b/o Songs Of SMP, MXM, WB Music Corp., Wolf Cousins, Warner/Chappell Music Scandinavia AB, Universal Music Corp. and Sal And Co LP. All Rights for MXM Administered Worldwide by Kobalt Songs Music Publishing. All Rights for Wolf Cousins and Warner/Chappell Music Scandinavia AB in the U.S. and Canada Administered by WB Music Corp. All Rights for Sal And

7

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Co LP Administered by WB Music Corp. and Universal Music
Corp.

Exhibit 3.

28.     All predicate acts of infringement took place in the United States, and upon information and belief in the Central District of California.

29.     Plaintiffs are also entitled as a matter of law to a declaration of ownership and authorship in "A Lonely Night," and actual damages, direct profits, and indirect profits from the exploitation of the song.

30.     As a result of Defendants' conduct, Plaintiffs are entitled to damages, which include but are not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

*****

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# THE PARTIES

## Plaintiffs

**William "Billy" Smith**                                                 **"Smith"**

31.    Plaintiff Billy Smith is a resident of the United Kingdom, and holds dual citizenship with the United Kingdom and the United States.

32.    He co-wrote, co-authored, and co-owns the song "I Need to Love," with Clover and McCulloch.

33.    The trio also co-produced, co-engineered, and collectively performed the song.

**Brian Clover**                                                               **"Clover"**

34.    Plaintiff Brian Clover is a resident and citizen of the United Kingdom.

35.    He co-wrote, co-authored, and co-owns the song "I Need to Love," with Smith and McCulloch.

36.    The trio also co-produced, co-engineered, and collectively performed the song.

**Scott McCulloch**                                                       **"McCulloch"**

37.    Plaintiff Scott McCulloch is a resident and citizen of the United Kingdom.

38.    He co-wrote, co-authored, and co-owns the song "I Need to Love," with Smith and Clover.

39.    The trio also co-produced, co-engineered, and collectively performed the song.

9

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## Defendants

**The Weeknd**

40.     The Weeknd, upon information and belief, is a band, company, partnership, and/or songwriting group led by Abel M. Tesfaye who also performs professionally under that name. The Weeknd resides in this district.

41.     Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, publicly performing it, and otherwise reproducing it without authorization.

42.     At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

43.     At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

44.     Defendant has received significant financial benefits as a result of the infringement.

**Defendant Abel M. Tesfaye                                  "The Weeknd"**

45.     Defendant Abel Tesfaye is professionally known as "The Weeknd."

46.     The Weeknd is a resident of Hidden Hills, CA.

47.     The Weeknd released his album, *Starboy*, on November 25, 2016. The album rocketed to the top of the charts and has been certified as double platinum in the United States.

48.     Tesfaye is listed as one the authors and writers of the track on *Starboy* called "A Lonely Night."

49.     Tesfaye directly infringed Plaintiffs' song by duplicating it, creating derivative works, publicly performing it, and otherwise reproducing it without authorization.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

50.    At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

51.    At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

52.    Defendant has received significant financial benefits as a result of the infringement.

## Defendant Jason Quenneville                                "DaHeala"

53.    Defendant Jason Quenneville is a producer known as DaHeala. On information and belief he is a resident of Los Angeles, CA.

54.    Quenneville is credited as a writer on "A Lonely Night."

55.    Quenneville also has worked during the relevant time periods in and around 2016 as an in house producer and artist at Universal Music. During that same time period he was in-house producer and creative director for The Weeknd, and co-authored multiple songs for The Weeknd, including "A Lonely Night" on the *Starboy* album.

56.    By virtue of his employment and other relationships with Universal, Quenneville had access to Plaintiffs' song "I Need to Love".

57.    Quenneville directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

58.    At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

59.    At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

60.    Defendant has received significant financial benefits as a result of the infringement.

**Defendant Ahmad Balshe                                                    "Belly"**

61.    Defendant Ahmad Balshe is listed as an author of the song "A Lonely Night." He is professionally known as "Belly."

62.    On information and belief Balshe resides in Encino, California, in the Central District of California.

63.    Balshe directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

64.    At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

65.    At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

66.    Defendant has received significant financial benefits as a result of the infringement.

**Defendant Savan Harish Kotecha                                       "Kotecha"**

67.    Defendant Savan Kotecha is listed as a co-author of "A Lonely Night."

68.    On information and belief, Kotecha resides in Los Angeles, CA, in the Central District of California.

69.    Kotecha directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

70.    At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

71.    At all points Defendant knew of the infringement and also materially contributed   and   caused   the   infringement   by,   including   but   not   limited   to,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

72.  Defendant has received significant financial benefits as a result of the infringement.

**Defendant Ali Payami**                                                  **"Payami"**

73.  Defendant Ali Payami is listed as a co-author of "A Lonely Night."

74.  On information and belief Payami resides in the Central District of California.

75.  Payami directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

76.  At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

77.  At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

78.  Defendant has received significant financial benefits as a result of the infringement.

**Defendant Karl Martin Sandberg**                          **"Max Martin"**

79.  Defendant Karl Martin Sandberg is listed as a co-author of "A Lonely Night." He is professionally known as Max Martin.

80.  On information and belief Sandberg resides in the Central District of California.

81.  Sandberg owns the entities MXM, LLC, MXM Publishing, and MXM Music AB ("Sandberg entities").

82.  Sandberg directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

83.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

84.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

85.   Defendant has received significant financial benefits as a result of the infringement.

## Defendant Peter Anders Svensson

86.   Defendant Peter Svensson is listed as a co-author on the song "A Lonely Night."

87.   On information and belief Svensson resides in the Central District of California.

88.   Svensson directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

89.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

90.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

91.   Defendant has received significant financial benefits as a result of the infringement.

## Defendant The Weeknd XO, LLC

92.   Defendant The Weeknd XO, LLC, is a Delaware corporation, headquartered in Los Angeles, CA. Upon information and belief, Abel Tesfaye uses this entity to create, promote, and sell his music.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

93.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

94.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

95.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

96.   Defendant has received significant financial benefits as a result of the infringement.

### Defendant The Weeknd XO, Inc.

97.   Defendant The Weeknd XO, Inc. is an entity headquartered in Los Angeles, CA.

98.   It does not appear to be formally registered in any US state, but it does appear on the copyright registration filed for "A Lonely Night," number: PA0002082977, and other songs on the *Starboy* album.

99.   Upon information and belief, Abel Tesfaye uses this entity to create, promote, and sell his music.

100.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

101.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

102.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

103.   Defendant has received significant financial benefits as a result of the infringement.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**Defendant Daheala & Co., LLC**

104.   Daheala & Co. is a label for Jason Quenneville incorporated in California and headquartered in Los Angeles.

105.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

106.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

107.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

108.   Defendant has received significant financial benefits as a result of the infringement.

**Defendant MXM, LLC**

109.   Defendant MXM LLC is a single member LLC, of which Karl Martin Sandberg is the member.

110.   It is incorporated in the state of California, and headquartered in Beverly Hills. It is believed to be doing business as "MXM."

111.   MXM LLC directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

112.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

113.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

114.   Defendant has received significant financial benefits as a result of the infringement.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**Defendant MXM Publishing**

115.   On information and belief, Defendant is an entity headquartered in Los Angeles, CA, which publishes music for Karl Martin Sandberg and is otherwise owned by him.

116.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

117.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

118.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

119.   Defendant has received significant financial benefits as a result of the infringement

**Defendant MXM Music AB**

120.   On information and belief, Defendant is owned by Karl Martin Sandberg. Defendant is a Swedish company which does business by and through Martin in Los Angeles, CA, including for the *Starboy* album.

121.   On information and belief, Defendant is doing business as Wolf Cousins, and owns the Wolf Cousins trademark.

122.   On information and belief, Defendant is also doing business as MXM Publishing.

123.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

124.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

125.   At all points Defendant knew of the infringement and also materially contributed   and   caused   the   infringement   by,   including   but   not   limited   to,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

126.   Defendant has received significant financial benefits as a result of the infringement.

## Wolf Cousins

127.   Upon information and belief Wolf Cousins is an entity which owns or administers or publishes "A Lonely Night." It is affiliated with Max Martin. Performing rights organizations such as ASCAP indicate that it is represented by WB Music Corp. and Warner/Chappell Music Inc.

128.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

129.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

130.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

131.   Defendant has received significant financial benefits as a result of the infringement.

## Universal Music Group, Inc.; Universal Music Publishing, Inc. (d/b/a Universal Music Publishing Group); Universal Music Corporation

132.   The Universal Defendants own UMG Recordings, Inc., and the UK Universal entities. Unless otherwise stated, when Plaintiffs refer to "Universal defendants" they are referring to all Universal entities around the world.

133.   Defendants maintain offices in Los Angeles, CA and otherwise do business there.

134.   Defendants own and/or or publish and/or or administer "A Lonely Night."

18

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

135.   Defendants directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

136.   At all points Defendants had the right and ability to control or stop the infringing conduct but failed to do so.

137.   At all points Defendants knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

138.   Defendants have received significant financial benefits as a result of the infringement.

**Universal Music Publishing LTD; Universal Music Publishing BL Limited; Big Life Music Ltd**

139.   On information and belief Universal Music Publishing BL Limited and Universal Music Publishing LTD are UK companies which are the successor corporations to Big Life Music LTD. Big Life Music represented Plaintiffs and shopped their songs to artists for development from 2005 until 2008.

140.   Big Life was acquired by Universal Music Publishing Group in 2008.

141.   It was through Big Life and the Universal Defendants that the other Defendants found and copied Plaintiffs' song "I Need To Love."

142.   Not coincidentally on November 11, 2016, just two weeks before The Weeknd released the *Starboy* album with "A Lonely Night" on it, Defendants and all other Universal entities ceded any and all rights back to Plaintiffs in "I Need To Love" and made it clear that the work was "unexploited."

143.   Furthermore, Defendants directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization. They also own, administer, and/or publish Defendants' song.

144.   At all points Defendants had the right and ability to control or stop the infringing conduct but failed to do so.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

145.   At all points Defendants knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

146.   Defendants have received significant financial benefits as a result of the infringement.

**Kobalt Songs Music Publishing, Inc.; KMR Music Royalties II SCSP**

147.   The Kobalt defendants administer intellectual property for the Defendants in relation to the exploitation of "A Lonely Night" and the *Starboy* album, including in Los Angeles, CA.

148.   The Kobalt entities purchased SONGS Music Publishing's catalogue of songs in December 2017, which included the *Starboy* album and "A Lonely Night."

149.   Kobalt owns and/or or publishes and/or or administers "A Lonely Night."

150.   Kobalt also administers defendant Karl Sandberg and his entities' intellectual property.

151.   Defendants directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

152.   At all points Defendants had the right and ability to control or stop the infringing conduct but failed to do so.

153.   At all points Defendants knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

154.   Defendants have received significant financial benefits as a result of the infringement.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# SONGS Music Publishing LLC

155.   Songs Music is incorporated in New York, and maintains an office in Los Angeles, CA. Upon information and belief it also does business under the name "Songs of SMP."

156.   Songs Music published "A Lonely Night" and the *Starboy* album.

157.   Songs Music sold its catalogue to Kobalt Capital in or around December 2017.

158.   On information and belief the Kobalt defendants are a successor company or companies to Songs Music Publishing LLC.

159.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

160.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

161.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

162.   Defendant has received significant financial benefits as a result of the infringement.

# Songs of SMP

163.   Songs of SMP is an entity which owns and/or administers and/or publishes "A Lonely Night."

164.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

165.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

166.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to,

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

167. Defendant has received significant financial benefits as a result of the infringement.

## WB Music Corp.; Warner/Chappell Music, Inc.; Warner/Chappell Music Scandinavia AB

168. WB Music Corp. is incorporated in California and is part of a worldwide music empire run by Warner Music. Warner/Chappell Music is a Delaware corporation which maintains offices in Los Angeles, CA. Warner/Chappell owns Warner/Chappell Music Scandinavia AB.

169. Defendants own and/or publish and/or administer "A Lonely Night," at least in part, including for several other defendant including Payami, Sal and Co, and Wolf Cousins.

170. Defendants directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

171. At all points Defendants had the right and ability to control or stop the infringing conduct but failed to do so.

172. At all points Defendants knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

173. Defendants have received significant financial benefits as a result of the infringement.

## Defendant Sal and CO Management LP          "Sal and CO"

174. Sal and Co is a Delaware entity, headquartered in Beverly Hills, CA.

175. Upon information and belief, it is doing business as Sal and CO LP.

176. Its general partners are Tony Sal and Artist National Management Group, Inc.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

177.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

178.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

179.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

180.   Defendant has received significant financial benefits as a result of the infringement.

**Defendant Sal and CO LP                          "Sal and CO"**

181.   Sal and Co is a Delaware entity, headquartered in Beverly Hills, CA.

182.   Its general partners are Tony Sal and Artist National Management Group, Inc.

183.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

184.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

185.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

186.   Defendant has received significant financial benefits as a result of the infringement.

**Defendant Wassim Salibi                          (a/k/a   Tony Sal)**

187.   Wassim Salibi (aka Tony Sal) is a general partner of Sal and CO LP and/or Sal and CO Management LP.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

188.   Salibi is a co-manager of The Weeknd.

189.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

190.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

191.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

192.   Defendant has received significant financial benefits as a result of the infringement.

## Defendant Artist Nation Management Group, Inc.

193.   Artist Nation is a Delaware corporation, headquartered in Beverly Hills, CA. Artist Nation is a general partner of Sal and CO LP and/or Sal and CO Management LP.

194.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

195.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

196.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

197.   Defendant has received significant financial benefits as a result of the infringement.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

## The Weeknd XO Music, ULC

198.   Defendant The Weeknd XO, LLC, is a Canadian corporation, headquartered in Los Angeles, CA. Upon information and belief, Abel Tesfaye uses this entity to create, promote, and sell his music, and it acts as a label.

199.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

200.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

201.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

202.   Defendant has received significant financial benefits as a result of the infringement.

## XO&co, Inc.
### "XO"

203.   Defendant XO&co, Inc. is a corporation doing business as "XO," as a label for The Weeknd. It is headquartered in Los Angeles, CA. Upon information and belief, Abel Tesfaye uses this entity to create, promote, and sell his music, and it acts as a label.

204.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

205.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

206.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

207.   Defendant has received significant financial benefits as a result of the infringement.

## Defendant UMG Recordings, Inc.          (d/b/a          Republic Records)

208.   UMG Recordings is a Delaware Corporation headquartered in Los Angeles, CA. It is own by Universal Music Group.

209.   UMG is the record company and label which distributes The Weeknd's music, doing so under the name Republic Records.

210.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

211.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

212.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use.

213.   Defendant has received significant financial benefits as a result of the infringement.

*****

214.   On information and belief, each and every Defendant was an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant, and in doing the things alleged herein, each and every Defendant was acting pursuant to such conspiracy and/or within the course and scope of such agency, representation, affiliation, control or employment and was acting with the consent, permission and authorization of the other Defendants. Moreover, on information and belief, each Defendant who joined the conspiracy after its formation ratified, adopted and is liable for all acts committed in

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

furtherance of the conspiracy including those committed before such Defendant joined the conspiracy.

215.   Whenever the Complaint refers to any act or acts of a Defendant, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, controlling companies or agents of the responsible Defendants authorized such act while actively engaged in the management, direction or control of the affairs of Defendant, and each of them, and/or by persons who are the alter ego of Defendants, or while acting within the scope of their agency, affiliation, control, or employment. Whenever the Complaint refers to any act of Defendants, the references shall be deemed to be the act of each Defendant, jointly and severally.

*****

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# JURISDICTION AND VENUE

216.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

217.   The infringement of "I Need to Love" has occurred by virtue of the commercial exploitation of "A Lonely Night" which occurred, and continues to occur, in the Central District of California, the entire United States, and throughout the world.

218.   It is believed that "I Need to Love" was first copied and made into "A Lonely Night" in Los Angeles, CA.

219.   This action is brought as a copyright infringement case and related claims; and therefore, subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. §§ 1331 and 1338.

220.   The Central District of California has personal jurisdiction over each and every Defendant by virtue of (1) their specific contacts with this district concerning "A Lonely Night," and (2) their general, systematic, and continuous business and music contacts with this district, especially concerning the exploitation of the *Starboy* album.

221.   Furthermore, the defendants, as elaborated in the above section and incorporated here by reference, reside in the Central District of California, and/or do substantial business with those businesses which reside in this district related to the allegations in this complaint.

222.   Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(1) – (3), 1391(c), 1391(d), and 1400(a) in that one or more defendants reside in this district or have agents that reside in the district and/or are found in the district.

*****

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1
2
3
4

# COUNT 1

## DIRECT COPYRIGHT INFRINGEMENT

*(Against all Defendants.)*

5
6

223.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

7
8

224.   Plaintiffs jointly own all rights in the musical composition "I Need To Love," which is an original and novel copyrightable composition.

9
10
11
12
13
14
15
16

225.   To be liable for direct copyright infringement a defendant must have had access to the work allegedly copied, and there must be substantial similarity between the infringing work and the infringed work. Access can be established by showing with direct or circumstantial evidence that the work in question was actually copied. Access can also be established by demonstrating that the two works are so strikingly similar that independent creation is precluded. Substantial similarity is proven by demonstrating that an ordinary person would recognize the infringing song as having been taken from the Plaintiffs' protected expression.

17
18
19
20
21

226.   Here, access is proven by the striking similarity between "I Need to Love" and "A Lonely Night," which precludes independent creation. The chorus in "A Lonely Night" is practically identical to the verse in "I Need to Love," including the melody, rhythm, and pitch. The similarities could not have been the result of a coincidence.

22
23
24
25
26
27

227.   Furthermore, access is proven by Defendants' relationships with Plaintiffs' former publisher. Defendant Universal and its predecessor company acquired the rights to Plaintiffs' music, including "I Need to Love," and promoted it throughout the world from 2005 to November 11, 2016. Defendant Quenneville was an in-house producer during this time period for Universal Music. Quenneville was also an in house producer for The Weeknd, and co-wrote five songs on the

28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

*Starboy* album including "A Lonely Night." *Starboy* was released on November 25, 2016.

228.  Given Quenneville positions with Universal and The Weeknd, and given that Plaintiffs' music (including "I Need to Love") was with Universal, Defendants clearly had access to Plaintiffs' music.

229.  Furthermore, Defendants' songwriting process uses other people's music as the basis for many of their songs.

230.  At no point have Plaintiffs given Defendants permission to use "I Need to Love" or any part of the protected musical expression and/or composition in that song.

231.  Defendants directly copied parts of Plaintiffs' composition "I Need to Love" in the song "A Lonely Night."

232.  The parts of "I Need to Love" copied in "A Lonely Night" are substantially similar, and strikingly similar, as explained by Plaintiff's expert musicologist, Alexander Stewart. See Exhibit 1.

233.  Without authorization or permission, Defendants have exploited Plaintiffs' composition, reaping tremendous financial rewards and other pecuniary benefits to the detriment of Plaintiffs.

234.  Defendants violated Plaintiffs' exclusive rights by, including but not limited to, doing the following:

   a.  copying and reproducing Plaintiffs' work without permission,

   b.  preparing derivative works based upon Plaintiffs' copyright which are substantially similar to Plaintiffs' work,

   c.  distributing copies of the copyrighted work to the public,

   d.  performing the work publicly.

235.  Defendants have also encouraged and otherwise induced third parties to infringe on Plaintiffs' copyright.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1
2

236.   On information and belief, the initial and predicate acts of copying of "I Need to Love" occurred in the United States in Los Angeles, CA.

3
4
5
6
7
8

237.   As a result of Defendants' conduct, acts, and/or omissions Plaintiffs are entitled to relief, including but not limited to actual damages, direct profits, and indirect profits. This includes but is not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

9

*****

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

### *(Against all Defendants.)*

238.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

239.   To state a claim contributory copyright infringement a plaintiff must show that the defendants induced, caused, materially contributed to, and participated in the infringement of Plaintiffs' copyrighted song, "I Need to Love."

240.   Defendants had and have knowledge of the ongoing infringing activity that is the subject of this lawsuit—the use of "I Need to Love" in "A Lonely Night"—and have induced and materially contributed to the infringing conduct of the direct infringers of Plaintiffs' copyrighted song.

241.   Without authorization or permission, Defendants continue to exploit Plaintiffs' song reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiff.

242.   As a result of Defendants' conduct, acts, and/or omissions Plaintiffs are entitled to relief, including but not limited to actual damages, direct profits, and indirect profits. This includes but is not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

*****

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

*(Against all Defendants.)*

243.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

244.   To state a claim for vicarious copyright infringement the defendants must vicariously profit from the direct infringement while declining to exercise a right to stop or limit the direct infringement.

245.   Here, all Defendants profit from the dissemination, sale, distribution, and licensing of the song "A Lonely Night."

246.   Furthermore, Defendants, as producers, publishers, songwriters, and copyright holders, all have control over the dissemination, sale, distribution, and licensing of the song "A Lonely Night."

247.   Without authorization or permission, Defendants continue to exploit "I Need to Love" as "A Lonely Night," reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiffs.

248.   As a result of Defendants' conduct, acts, and/or omissions Plaintiffs are entitled to relief, including but not limited to actual damages, direct profits, and indirect profits. This includes but is not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**COUNT IV**

**DECLARATION OF AUTHORSHIP/OWNERSHIP**

*(Against all Defendants)*

249.  Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.

250.  As delineated throughout this complaint, Plaintiffs are the joint authors and owners of "I Need To Love."  "I Need to Love" is a joint work.

251.  Because "I Need to Love" was used to create "A Lonely Night," "A Lonely Night" is a derivative work in which Plaintiffs have ownership.

252.  Plaintiffs request that this Court declare that Plaintiffs are joint authors and/or owners of the compositions and/or sound recordings for "I Need to Love."

253.  Plaintiffs request that this Court declare that Plaintiffs are authors and/or owners of the compositions and/or sound recordings for the derivative work "A Lonely Night"—whatever form that authorship or ownership might take—and all other works which use "I Need to Love."

254.  Plaintiff requests that all monies and credit that has thus far been denied to them, and in the future, as a result of the exploitation of their intellectual property be awarded to them.

*****

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**COUNT V**
**ACCOUNTING - DECLARATORY RELIEF**
*(Against all Defendants)*

255. Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.

256. As delineated throughout this complaint, Plaintiffs are authors and owners of "I Need to Love," as well as the infringing work "A Lonely Night."

257. Because Defendants are currently in constructive and apparent possession of Plaintiffs' intellectual property and monies, they owe fiduciary duties to Plaintiffs.

258. Plaintiffs demand an accounting of all monies Defendants have received, and which Plaintiffs are due but have not been paid, as a result of the use and exploitation of their copyrighted work.

259. All monies properly due to Plaintiffs not distributed should be distributed and otherwise awarded to Plaintiffs.

*****

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**COUNT VI –**

**CONSTRUCTIVE TRUST - DECLARATORY RELIEF**

*(Against all Defendants)*

260.   Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.

261.   As delineated throughout this complaint, Plaintiffs are authors and owners of "I Need to Love," as well as the infringing work "A Lonely Night."

262.   Because Defendants are currently in constructive and apparent possession of Plaintiffs' intellectual property and monies, they owe fiduciary duties to Plaintiffs.

263.   Plaintiffs ask that the Court hold all past, current, and future monies due to Plaintiffs in trust.

*****

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1

2

3

4

## COUNT VII

## UNJUST ENRICHMENT

*(Against all Defendants)*

5

6

264.   Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.

7

8

9

265.   All Defendants have profited off the use of Plaintiffs' work without providing any credit, compensation, or obtaining authorization to exploit Plaintiffs' work.

10

11

266.   Defendants have been enriched using Plaintiffs' intellectual property but have returned nothing to the true creators.

12

13

267.   As delineated throughout this complaint, Plaintiffs are authors and owners of "I Need to Love," as well as the derivative work "A Lonely Night."

14

15

268.   This is unjust and Plaintiffs demand and request a judgment requiring Defendants to pay to Plaintiffs all monies they have been unjustly enriched with.

16

*****

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# CLAIMS FOR RELIEF

Wherefore, Plaintiffs demand judgment in their favor on all Counts and against all Defendants for an amount well in excess of the jurisdictional amount required to guarantee a jury trial. Plaintiffs request that this Court determine and declare that Plaintiffs are additionally awarded and afforded on all Counts:

(a) Compensatory damages, together with interest, costs, and delay damages;

(b) Actual damages, direct profits, and/or indirect profits, including but not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, concert revenue.

(c) Statutory damages of $150,000 per infringement pursuant to 17 U.S. Code § 504 given the willfulness of Defendants' conduct;

(d) Declarations of authorship and ownership;

(e) Accounting and constructive trust;

(f) Equitable relief pursuant to 17 U.S. Code § 502 and § 503;

(g) Punitive and exemplary damages;

(h) Injunctive and other equitable relief inclusive of but not limited to impoundment, destruction, and halting of sales of the infringing material.

(i) Costs and attorney's fees; and

(j) Such other and further relief as the Court deems just, necessary, and appropriate under the circumstances or allowed by statute.

Dated:  April 3, 2019            KULIK GOTTESMAN SIEGEL & WARE LLP


                                 */s/ Glen L. Kulik*
                                 Glen L. Kulik, Esq.
                                 */s/ David A. Bernardoni*
                                 David A. Bernardoni, Esq.
                                 Attorneys for Plaintiffs,
                                 William Smith, Brian Clover and Scott McCulloch

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1

# DEMAND FOR JURY TRIAL

2

3

Plaintiffs herby demand a trial by jury on all claims and issues so triable.

4

Dated:  April 3, 2019                    KULIK GOTTESMAN SIEGEL & WARE LLP

5

6                                        */s/ Glen L. Kulik*
                                         Glen L. Kulik, Esq.
7                                        */s/ David A. Bernardoni*
8                                        David A. Bernardoni, Esq.
                                         Attorneys for Plaintiffs,
9                                        William Smith, Brian Clover and Scott McCulloch

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# SPOLIATION CLAUSE

Plaintiffs demand that Defendants take necessary actions to ensure the preservation of all documents and things related to the case—in any format—hardcopy, electronic, audio, and visual, inclusive of but not limited to: the Master recording of "A Lonely Night", prior recordings of "A Lonely Night," the individual audio tracks (both from prior recordings and initial/early takes), and any and all session audio, tracks, and takes (whether or not used in the final Master). Defendants should also preserve all ProTools files related to "A Lonely Night." All material Defendants have related to "I Need to Love" should also be preserved.

Defendants are also put on notice to preserve all things including but not limited to information, materials, communications, or other content/data related to the averments in this case.

Dated:  April 3, 2019                KULIK GOTTESMAN SIEGEL & WARE LLP

                                                */s/ Glen L. Kulik*
                                                Glen L. Kulik, Esq.
                                                */s/ David A. Bernardoni*
                                                David A. Bernardoni, Esq.
                                                Attorneys for Plaintiffs,
                                                William Smith, Brian Clover and Scott McCulloch

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**