UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss and to Strike (Docket No. 47) filed by defendants Abel M. Tesfaye, Jason Quenneville, Ahmed Balshe, Wassim Salibi, The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, DaHeala & Co., LLC, SAL & CO Management LP, Sal & Co LP, XO&Co., Inc., UMG Recordings, Inc., Universal Music Group, Inc., Universal Music Publishing, Inc., Universal Music Corporation, Kobalt Music Publishing, Inc., erroneously sued as Kobalt Songs Music Publishing, Inc., Warner Chappell Music, Inc., WB Music Corp., Songs Music Publishing LLC, also sued as Songs of SMP, and Artist Nation Management Group, Inc. ("Moving Defendants").[1/]   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for August 26, 2019, is vacated, and the matter taken off calendar.

## I.   Factual and Procedural Background

The Complaint filed by plaintiffs William Smith, Brian Clover, and Scott McCulloch (collectively "Plaintiffs") asserts claims against Abel Tesfaye, who performs professional as The Weeknd, plus approximately 34 defendants who allegedly participated in the creation, publication, and distribution of the musical composition "A Lonely Night."  Plaintiffs allege that "A Lonely Night" infringes the copyright they own for their musical composition "I Need to Love."  The Complaint alleges claims for:  (1) direct copyright infringement (against all defendants); (2) contributory copyright infringement (against all defendants); (3) vicarious copyright infringement (against all defendants); (4) declaration of authorship/ownership; (5) accounting - declaratory relief; (6) constructive trust - declaratory relief; and (7) unjust enrichment.

---

[1/]   Defendants Savan Katecha, Ali Payami, Karl Sandberg, Peter Svensson, MXM, LLC, MXM Publishing, MXM Music AB, Wolf Cousins, Universal Publishing LTD, Universal Music Publishing BL Limited, Big Life Music Ltd., KMR Music Royalties II SCSP, and Warner/Chappell Music Scandinavia AB have not appeared in the action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

**II.     Legal Standards**

    **A.     Motion to Dismiss**

    For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

    However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993). "Because of 'the limited importance of pleadings in federal practice,' motions to strike pursuant to Rule 12(f) are disfavored." Estate of Migliaccio v. Midland Nat'l. Life Ins. Co., 436 F. Supp. 2d 1095, 1100 (C.D. Cal. 2006) (quoting Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996)). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." Clark v. State Farm Mut. Auto. Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005) (quoting Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002)). "Moreover, when considering a motion to strike, courts must view the pleading in the light more favorable to the pleader." Id. (quoting Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000)).

"Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." Cal. Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1033 (citing Gilbert v. Eli Lilly Co., 56 F.R.D. 116, 121 n.4 (D.P.R. 1972)). Matter is "immaterial" where it has "no essential or important relationship to the claim for relief . . . being pleaded." Fantasy, 984 F.2d at 1527. "Impertinent" matter does not pertain, and is not necessary, to the issues in question. Id. "[S]candalous" matter "includes allegations that cast a cruelly derogatory light on a party or other person." In re 2TheMart.com, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

### III. Analysis

In their Motion to Dismiss, Moving Defendants do not challenge the sufficiency of the Complaint's first claim for direct copyright infringement, but do challenge the viability of Plaintiffs' remaining claims and Plaintiffs' ability to obtain an award of punitive damages, statutory damages, and attorneys' fees. Moving Defendants also seek to strike certain allegations in the Complaint concerning other lawsuits and infringement claims made against Mr. Tesfaye and other defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

### A. Contributory and Vicarious Copyright Infringement

Moving Defendants contend that Plaintiffs' claims for contributory and vicarious copyright infringement fail to state viable claims because Plaintiffs' first claim for direct copyright infringement is alleged against all defendants, and, according to Moving Defendants, an infringer cannot be both a direct infringer and secondarily liable. Moving Defendants also contend that Plaintiffs' allegations of contributory and vicarious copyright infringement are supported with legal conclusions rather than the well-pleaded facts required to satisfy the federal pleading standard.

"To establish a prima facie case of direct infringement, a plaintiff 'must show ownership of the allegedly infringed material' and 'demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.'" Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657, 666 (9th Cir. 2017) (quoting A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001)). "One infringes contributorily by intentionally inducing or encouraging direct infringement and infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." Metro-Goldwyn-Mayer Studios v. Grokster, Ltd., 545 U.S. 913, 930, 125 S. Ct. 2764, 2776, 162 L. Ed. 2d 781 (2005); see also Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 795 (9th Cir. 2007) ("We have found that a defendant is a contributory infringer if it (1) has knowledge of a third party's infringing activity, and (2) 'induces, causes, or materially contributes to the infringing conduct.'" (quoting Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004)); id. at 802 ("To state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." Contributory and vicarious copyright infringement are "doctrines of secondary liability." Grokster, 545 U.S. at 903, 125 S. Ct. at 2776, 162 L. Ed. 2d 781.

As explained in their Opposition to the Motion to Dismiss, Plaintiffs believe that defendants are simultaneously direct, contributory, and vicarious infringers:

> In this modern day and age, while the Defendants certainly directly infringe, they also necessarily contributorily and vicariously infringe when the song is played on streaming services, advertised and played on social media, downloaded, and sold in stores or online with their knowledge, approval, and acquiescence.

(Opp'n at 14:1-4.) Plaintiffs cite to no authority to support their position. Nor is that position consistent with established precedent. "Secondary liability for copyright infringement does not exist in the absence of direct infringement by a third party." A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n.2 (9th Cir. 2001) (emphasis added). Contrary to Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

contention, a defendant cannot be secondarily liable for that defendant's own direct infringement. Nor do Plaintiffs' allegations of the bare legal requirements for contributory and vicarious copyright infringement satisfy the Twombly pleading standard. The Court therefore dismisses Plaintiffs' claims for contributory and vicarious copyright infringement with leave to amend. Any amended claims for contributory and vicarious copyright infringement must include well-pleaded facts as opposed to legal conclusions in support of those claims and cannot be based on a theory that defendants are simultaneously directly and secondarily liable for infringement.

    **B.**    **Declaration of Authorship/Ownership**

Plaintiffs' fourth claim seeks a declaration that Plaintiffs are owners and authors of defendants' allegedly infringing "A Lonely Night" song. According to the Complaint: "Because 'I Need to Love' was used to create 'A Lonely Night,' 'A Lonely Night' is a derivative work in which Plaintiffs have ownership." (Compl. ¶ 251.)[2/] Moving Defendants contend that the fourth claim fails to state a viable claim because Plaintiffs have alleged that they never authorized defendants to create a derivative work, so "A Lonely Night" is at most an infringing work rather than a derivative work. Moving Defendants also assert that the declaration of authorship and ownership in an allegedly infringing work is beyond the scope of relief authorized by the Copyright Act.

"A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. Here, Plaintiffs allege that they never authorized defendants to use "I Need to Love" or in any other way intended that Plaintiffs' contributions be merged with defendants' contributions to create "A Lonely Night," so "A Lonely Night" cannot be a "joint work" under the Copyright Act. Even Brownstein v. Linday, 742 F.3d 55 (3d Cir. 2014), the only case on which Plaintiffs' rely, establishes that for two or more people to become co-authors, "each author must contribute some non-trivial amount of creative, original, or intellectual expression to the work and both must intend that their contributions be combined." Id. at 64 (emphasis added); see also Garcia v. Google, Inc., 786 F.3d 733, 742 (9th Cir. 2015) (quoting 17 U.S.C. § 101).

---

[2/]    Plaintiffs also seek a declaration that they are the joint authors of their song "I Need to Love," but as Moving Defendants point out, there is no dispute that Plaintiffs are the joint authors of "I Need to Love." Without an actual case or controversy, Plaintiffs have not stated a viable declaratory relief claim or otherwise established a right to a judicial declaration that they are the owners of "I Need to Love." To the extent Plaintiffs seek a declaration that they are the joint authors of "I Need to Love," that claim is dismissed without leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

    Even accepting as true at this stage of the proceedings that "A Lonely Night" copies without authorization portions of Plaintiffs' "I Need to Love," that does not, as the Complaint alleges in conclusory fashion, establish that "A Lonely Night" is a "derivative work" in which the author of the underlying work may obtain an authorship or ownership interest. "A derivative work is a 'work based upon one or more preexisting works that recasts, transforms, or adapts the preexisting work' such as a motion picture that is based on a literary work . . . ." DC Comics v. Towle, 802 F3d 1012, 1023 (9th Cir. 2015) (quoting U.S. Auto Parts Network, Inc. v. Parts Geek, LLC, 692 F.3d 1009, 1015-16 (9th Cir. 2012)); see also 17 U.S.C. § 101 ("A 'derivative work' is a work based upon one or more preexisting works . . . in which a work may be recast, transformed, or adapted.").

    The copyright owner has "the exclusive rights to . . . authorize . . . [and] prepare derivative works based upon the copyrighted work . . . ." 17 U.S.C. § 106(2). "[A] work will be considered a derivative work only if it would be considered an infringing work if the material that it has derived from a pre-existing work had been taken without the consent of a copyright proprietor of such pre-existing work." 1 Nimmer on Copyright § 3.01 (2019); see also Micro Star v. Formgen Inc., 154 F.3d 1107, 1112 (9th Cir. 1998); Mirage Editions, Inc. v. Albuquerque A.R.T. Co., 856 F.2d 1341, 1343 (9th Cir. 1988). The creator of a derivative work "has a copyright only as to those original aspects of the work that the derivative creator contributed . . . ." DC Comics, 802 F.3d at 1023. The rights of the creator of the derivative work do not "extend to any part of the work in which such material has been used lawfully." 17 U.S.C. § 103(a).

    The Ninth Circuit has stated that "[i]f an unauthorized third party prepares a derivative work, the copyright owner of the underlying work can sue for infringement." DC Comics, 802 F.3d at 1022. Moving Defendants do not dispute that they can be sued for infringement, and in fact do not challenge the sufficiency of the Complaint's first claim for direct copyright infringement. But no Ninth Circuit case has allowed the owner of the alleged underlying work to sue for a declaration that the original creator is an owner or author of the allegedly infringing derivative work. Plaintiffs again rely on the Third Circuit's Brownstein v. Lindsay decision, in which one of the two joint authors of the underlying computer program sought a declaratory judgment of authorship of the underlying work and an accounting of profits from the derivative works incorporating the underlying work. See 742 F.3d at 58. The Third Circuit concluded that "even if Brownstein is not a co-author of some of the derivative versions of the LCID, he remains the co-author of the underlying work and has an ownership interest in derivative versions of the LCID to the extent that they incorporate the underlying work." Brownstein, 742 F.3d at 68. Importantly, Brownstein involves an ownership and accounting dispute over authorized derivative works and therefore does not appear to involve an infringement claim. And by stating that "even if Brownstein is not a co-author of some of the derivative versions,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

the Third Circuit's decision does not support Plaintiffs' theory that an author of the underlying work has, as a remedy, a declaration of authorship of the derivative work.

Because the creator of a derivative work only has a copyright in the original aspects of the derivative work, and it is undisputed that Plaintiffs did not contribute to the original aspects of defendants' musical composition, there is no basis in the Copyright Act to declare Plaintiffs authors of the allegedly derivative or infringing work. Similarly, because it is undisputed that Plaintiffs did not intend to contribute their work to the creation of defendants' song, they do not fall within the definition of "joint authors" of that work. Nor are the declarations of authorship or ownership among the remedies available in the Copyright Act for infringement. See 17 U.S.C. §§ 502-505 (specifying the remedies under the Copyright Act); see also Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 431, 104 S. Ct. 774, 783, 78 L. Ed. 2d 574 (1984) ("The remedies for infringement 'are only those prescribed by Congress.'") (quoting Thompson v. Hubbard, 131 U.S. 123, 151, 9 S. Ct. 710, 720, 33 L. Ed. 76 (1889)); Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 883-84 (9th Cir. 2005) ("Copyright . . . is a creature of statute, and the only rights that exist under copyright law are those granted by statute."). As the Ninth Circuit has directed, Plaintiffs' recourse is to sue for infringement. See DC Comics, 803 F.3d at 1022. For all of these reasons, the Court concludes that Plaintiffs' fourth claim is inconsistent with the rights and remedies established under the Copyright Act. The Court therefore dismisses this claim without leave to amend.

    **C.**     **State Law Claims**

Moving Defendants seek dismissal of the Complaint's fifth, sixth, and seventh claims for accounting, constructive trust, and unjust enrichment because they are preempted by the Copyright Act. The Copyright Act provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by [the Copyright Act]" and that "no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301(a). "In order for preemption to occur under the federal Copyright Act, two conditions must be satisfied. First, the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103. Second, the right asserted . . . must be equivalent to the exclusive rights contained in section 106 of the Copyright Act." Downing v. Abercrombie & Fitch, 265 F.3d 994, 1003 (9th Cir. 2001). The "equivalent rights" prong of the preemption analysis assesses whether the potentially preempted claims "'protect rights which are qualitatively different from the copyright rights.'" Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 1143 (9th Cir. 2006) (quoting Del Madera Props. v. Rhodes & Gardner, 820 F.2d 973 (9th Cir. 1987), overruled on other grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). To survive preemption, the claim "must have an extra element which changes the nature of the action." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

In their Opposition, Plaintiffs do not dispute that their state law claims for accounting, constructive trust, and unjust enrichment are preempted, but argue that they are included in the Complaint "in the alternative to the infringement claims" because "Plaintiffs cannot rule out that Universal [Music Publishing Group and Universal Music Publishing BL Limited] may have attempted to authorize or license the use of their song by Defendants behind Plaintiffs' back, without Plaintiffs' knowledge." (Opp'n at 18:5-10.) The Complaint does not include any such allegations or allege that these claims are asserted in the alternative. See Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief.") Because the Complaint does not contain adequate well-pleaded allegations supporting this "secret license" theory or expressly state that Plaintiffs are pursuing their state law claims in the alternative should a "secret license" provide defendants with a defense to the copyright infringement claims, the Court dismisses the Complaint's fifth, sixth, and seventh claims with leave to amend.

### D.    Punitive Damages, Statutory Damages, and Attorneys' Fees

Moving Defendants also seek dismissal of Plaintiffs' prayers for punitive damages, statutory damages, and attorneys' fees. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (finding that a defendant's efforts to eliminate prayers for damages are "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion").

According to Moving Defendants, an award of punitive damages is not specifically authorized under the Copyright Act. Similar to Plaintiffs' claim for a declaration of authorship and ownership, the Copyright Act does not include punitive damages as an available remedy. See 17 U.S.C. §§ 502-505 (specifying the remedies under the Copyright Act); see also Sony Corp., 464 U.S. at 431, 104 S. Ct. at 783, 78 L. Ed. 2d 574. The Ninth Circuit has recognized that punitive damages are not available in a claim for copyright infringement. See Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 705 (9th Cir. 2004) ("By dismissing Polar Bear's two state law tort claims, the district court effectively precluded Polar Bear from seeking punitive damages."). The Court declines to adopt the reasoning of the small number of opinions relied upon by Plaintiffs from other district courts, many of which have been criticized, that have allowed punitive damages in copyright infringement actions. Finally, although Plaintiffs claim, without any citation to authority, that their unjust enrichment claim allows for the recovery of punitive damages, that argument is inconsistent with California law. See Cal. Civ. Code § 3294 (allowing exemplary damages only in actions "for the breach of an obligation not arising from contract"); see also Grebow v. Mercury Ins. Co., 241 Cal. App. 4th 564, 580, 194 Cal. Rptr. 3d 259, 271 (2015) ("Unjust enrichment . . . [is] based on quasi-contract.").

Moving Defendants also seek dismissal of Plaintiffs' claims for statutory damages and attorneys' fees because their alleged infringement "commenced" prior to the date Plaintiffs'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

registered their copyright for "I Need to Love." The Complaint alleges that defendants released the album on which "A Lonely Night" appears on November 25, 2016. According to the Certificate of Registration attached as an exhibit to the Complaint, Plaintiffs' registration of their work has an effective date of January 7, 2019. Under § 412, the Copyright Act limits the recovery of statutory damages and attorneys fees to those who have registered their copyrights prior to the commencement of the infringement:

> In any action under this title, . . . an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, . . . no award of statutory damages or of attorney's fees, as provided by section 504 and 505, shall be made for—
>
> (1)   any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2)   any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

17 U.S.C. § 412. According to the Ninth Circuit, "by denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly." Derek Andrews, Inc. v. Poof Apparel Corp., 528 F.3d 696, 700 (9th Cir. 2008). As explained by the Ninth Circuit, "[e]very court to consider the issue has held that 'infringement commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs.'" Id. at 700-01 (quoting Johnson v. Jones, 149 F.3d 494, 506 (6th Cir. 1998)). Accordingly, "the first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." Id. at 701. When that continuing infringement commences before registration, as is alleged in Plaintiffs' Complaint, § 412 eliminates the possibility for the recovery of statutory damages and attorneys' fees. See id.

Plaintiffs contend that the Ninth Circuit's decision in Derek Andrews was impliedly overruled by the Supreme Court's decision in Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). In Petrella, the Supreme Court analyzed the Copyright Act's statute of limitations contained in § 507(b) and rejected the availability of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

laches defense to an infringement claim. Petrella did not disturb the Ninth Circuit's statute of limitations accrual rule, which provides that "when a defendant commits successive violations, the statue of limitations runs separately from each violation." Id. at 671, 134 S. Ct. at 1969, 188 L. Ed. 2d 979; see also id. at n.5 (favorably citing Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994)). Petrella did not address or construe § 412's "commencement of infringement," "commenced before," and "commenced after" language and therefore does not call into question the continuing validity of the Ninth Circuit's analysis of § 412. Nor is there any merit to Plaintiffs' contention that application of § 412's requirements violates the due process rights of citizens of the United Kingdom. Plaintiffs are asserting a claim for violations of the Copyright Act. That claim is subject to the requirements and limitations imposed by the Copyright Act. There is no reason to allow citizens of another nation to recover statutory damages and attorneys' fees under the Copyright Act for an allegedly continuing infringement that, if it commenced at all, commenced before they registered their copyright, when a citizen of the United States could not obtain statutory damages and attorneys' fees in the same situation.

For all of these reasons, the Court concludes that Plaintiffs cannot recover punitive damages, statutory damages, or attorneys' fees even if they eventually prevail on their claims. The Court therefore dismisses the Complaint's prayers for such relief without leave to amend.

### E. Motion to Strike

Moving Defendants seek to strike the Complaint's allegations that, among other things, "[T]he Weeknd does not create his own work, but merely slavishly copies others," "uses other people's work," and has been the subject of other accusations of copying and infringement. (Compl. ¶¶ 21-25 & 229.) Particularly given the limited importance of pleadings in federal practice, the Court concludes that these allegations are not so immaterial, impertinent, or scandalous that they should be stricken. At least at this stage of the proceedings, the Court cannot determine that these allegations will "have no possible bearing upon the subject matter of the litigation." Clark, 231 F.R.D. at 406. In reaching this conclusion, the Court makes no ruling concerning the admissibility of any evidence related to these allegations at later stages of the proceedings.

### Conclusion

For all of the foregoing reasons, the Court grants Moving Defendants' Motion to Dismiss. The Court dismisses the second, third, fifth, sixth, and seventh claims with leave to amend. The Complaint's fourth claim, and the prayers for punitive damages, statutory damages, and attorneys' fees are dismissed without leave to amend. The Court denies Moving Defendants' Motion to Strike. Plaintiffs shall file their First Amended Complaint by no later than September 16, 2019. The First Amended Complaint shall not include any new or different defendants,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | August 23, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

claims, causes of action, or legal theories other than those specifically authorized in this Order, without leave of this Court.

    IT IS SO ORDERED.