Alfred (AJ) Fluehr, Esq. (admitted *pro hac vice*)
aj@francisalexander.com
**FRANCIS ALEXANDER, LLC**
280 N. Providence Rd., Suite 1
Media, PA 19063
Tel:   (215) 341-1063
Fax:  (215) 500-1005

Glen L. Kulik, Esq. (SBN 082170)
gkulik@kgswlaw.com
David A. Bernardoni, Esq. (SBN 228155)
dbernardoni@kgswlaw.com
**KULIK GOTTESMAN SIEGEL & WARE LLP**
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
Tel:   (310) 557-9200
Fax:  (310) 557-0224

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Smith;<br>Brian Clover;<br>Scott McCulloch<br>     *Plaintiff*<br>            v.<br>Abel M. Tesfaye (p/k/a The Weeknd);<br>Jason Quenneville (p/k/a DaHeala);<br>Ahmad Balshe (p/k/a Belly);<br>Savan Harish Kotecha;<br>Karl Martin Sandberg (p/k/a Max Martin);<br>The Weeknd XO, LLC;<br>The Weeknd XO, Inc.;<br>DaHeala & Co., LLC;<br>MXM, LLC;<br>MXM Publishing;<br>MXM Music AB;<br>Wolf Cousins;<br>Universal Music Group, Inc.;<br>Universal Music Publishing, Inc.<br>Universal Music Corporation;<br>Kobalt Songs Music Publishing, Inc.;<br>SONGS Music Publishing LLC;<br>Songs of SMP; | **Case No.:** 19-cv-2507<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Counts:**<br>1.  Direct Copyright Infringement<br>2.  Contributory Copyright Infringement<br>3.  Vicarious Copyright Infringement<br>4.  ~~Declaration of Authorship/Ownership~~<br>5.  Accounting – Declaratory Relief<br>6.  Constructive Trust – Declaratory Relief<br>7.  Unjust Enrichment<br><br>**DEMAND FOR JURY TRIAL** |

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1   Warner/Chappell Music, Inc.;
2   WB Music Corp.;
    Sal and CO Management LP;
3   Sal and CO LP;
4   Wassim Salibi (aka Tony Sal)
        (general partner of Sal and Co);
5   Artist Nation Management Group, Inc.
6       (general partner of Sal and Co);
    The Weeknd XO Music, ULC
7   XO&co., Inc. (d/b/a XO)
8   UMG Recordings, Inc. (d/b/a Republic
    Records);
9
10      *Defendants*
11

## AMENDED COMPLAINT

12      1.      This music copyright infringement suit concerns superstar artist The
13  Weeknd blatantly copying Plaintiffs' song "I Need To Love" to create the song "A
14  Lonely Night" included on his chart-topping and Grammy award-winning *Starboy*
15  album. A quick listen to the key-matched comparison at the following link will
16  quickly dispel any doubt that Plaintiffs' song was copied: https://youtu.be/y-
17  WCCWWYsj0.
18      2.      In 2004-05, three UK songwriters—plaintiffs William "Billy" Smith,
19  Brian Clover, and Scott McCulloch—jointly wrote, recorded, engineered,
20  produced, and performed a song named "I Need To Love," as well as several
21  others. The trio jointly own all rights and copyrights in "I Need To Love." The
22  song can be found here: https://youtu.be/yu7DKWQ2ibM.
23      3.      As a result of their output and talent, in 2005 publisher Big Life Music
24  acquired rights to shop three of Plaintiffs' songs to artists, including "I Need to
25  Love," as well as songs titled "Be My Light" and "Walk Away."
26      4.      Plaintiffs' "I Need to Love" was in fact pitched all over the world to
27  many artists by Big Life.
28

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

5.    In 2008, Big Life Music (and its rights to promote Plaintiffs' songs) were acquired by Universal Music Publishing Group.

6.    In 2016, Universal informed Plaintiffs that the 3 songs had not been exploited.

7.    Shortly thereafter, on November 11, 2016, Universal voluntarily relinquished all claims to Plaintiffs' compositions, stating that "Publisher confirms that it has relinquished any and all claim in and to the unexploited compositions listed in the schedule to this letter with effect from 11 November 2016." This relinquishment included "I Need To Love."

8.    Two weeks later on November 25, 2016, artist The Weeknd (real name is Abel Tesfaye) and Universal released his massively successful album *Starboy*, which topped the charts. On that album was a song named "A Lonely Night." It can be found here: https://youtu.be/i4ghdw373a4.

9.    The song was widely exploited on the *Starboy* album and independently. This included physical album sales across the world, digital sales and downloads, and tens of millions of streams on Spotify, YouTube, and other streaming services.

10.    The trio first became aware of "A Lonely Night" when plaintiff Clover heard the song while shopping at Topman in Colchester, UK. Mr. Clover instantly knew that the song he was hearing was in fact the trio's "I Need To Love" that Plaintiffs had written in 2004-05 and which Universal promoted from 2005-2016.

11.    A comparison of "A Lonely Night" and Plaintiffs' song "I Need To Love" shows that the songs are not only substantially similar, but strikingly similar.

12.    Plaintiffs' expert musicologist, Alexander Stewart, is clear that the similarities between the two songs could only result from copying:

3

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

> My preliminary investigation and analysis has revealed substantial similarities between these two songs. Subjectively, I believe these similarities are so clear as to be obvious even to a casual listener. As seen in my objective analysis below, these similarities amount to, both quantitatively and qualitatively, the most important musical expression in both works. *In my opinion, based on the level of detail in which these similarities are found, these similarities could only result from copying*.

<u>See</u> Exhibit 1 - Expert Musicologist Report of Dr. Alexander Stewart (emphasis added).

13.     Indeed, Dr. Stewart's analysis observes that key parts of "A Lonely Night" are practically identical to "I Need to Love":



6. Signature passage or "hook" of each song
The most important musical expression in both songs consists of virtually identical musical passages. Example 1 below provides a transcription of the first full iteration of these parts in each song. As will be demonstrated in my analysis below, quantitatively and qualitatively these passages form the "hooks" or most valuable content of each song. As with the harmonies, for comparison purposes the passages have been transposed to the same key, G minor.

Example 1     Signature phrases: "Need To Love" (transposed to G minor) and "Lonely Night"

All the notes in common have been highlighted in red. Besides sharing almost all the same pitches (discussed further below under pitch sequence), the melodies in each song consist of two phrase parts, a shorter figure on the first four syllables that functions as an antecedent phrase segment and a longer figure containing the next eleven syllables that functions as a consequent or answering phrase segment. These phrase segments are separated by a quarter-rest (one-beat rest) and set to almost exactly the same pitch sequences, rhythms, metric placement, and harmony.

|     | Antecedent figure | Consequent figure |
| --- | --- | --- |
| NL  | It's clear to me | get that fun-ny feel-ing when you're next to me |
| LN  | A lone-ly night | ba-by girl I loved you on a lone-ly night (oh) |

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

See Exhibit 1 - Expert Musicologist Report of Dr. Alexander Stewart (emphasis added).

14.    Dr. Stewart's report concludes:

> The passages discussed above are the most important and memorable musical expression in both songs. Composers and producers in popular music consider that, in order to be successful, songs must contain at least one or more of these memorable passages or "hooks." These passages are unquestionably the "hooks" or most valuable expression in each song.
>
> [] *In this investigation and analysis I have found substantial similarities that in my opinion can only be the result of copying.* These similarities include melodic, harmonic, rhythmic, and foundational musical expression more generally as well as important details. *This expression is the most valuable content in both songs both from a quantitative and qualitative perspective.*

See Exhibit 1 - Expert Musicologist Report of Dr. Alexander Stewart (emphases added).

15.    The identical and strikingly similar nature of the two songs establishes access.

16.    It is not a coincidence that Universal Music released the *Starboy* album just two weeks after Universal returned "I Need To Love" back to Plaintiffs.

17.    Not only is access proven by the songs' striking similarities, but access is also proven through both Plaintiffs' and Defendants' contacts at Universal.

18.    The writers credited for the song "A Lonely Night" are defendants Tesfaye (The Weeknd), Jason Quenneville (p/k/a DeHeala), Ahmad Balshe (p/k/a Belly), Savan Hrish Kotecha, Martin Sandberg (p/k/a Max Martin), and also Ali Payami and Peter Anders Svensson.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

19.     At all relevant times Defendant Jason Quenneville, professionally known as DaHeala, was an in-house producer for Universal Music Publishing and had access to Plaintiffs' songs. He was given priority access to unexploited songs at Universal, including Plaintiffs' "I Need To Love."

20.     Furthermore, defendant Quenneville has been at all relevant times the in-house producer for The Weeknd and his creative director, and wrote five songs on the *Starboy* album **including "A Lonely Night."**

21.     The fact that The Weeknd producer and co-writer Quenneville also worked at Universal and for The Weeknd, and had access Plaintiffs' music, simply confirms that Defendants had access to and in fact copied Plaintiffs' song.

22.     This is not the first time that The Weeknd has been accused of music copyright infringement concerning the *Starboy* album.

23.     For instance, the artist Yasminah has sued The Weeknd for taking her song "Hooyo" also known as "Jewel of My Life" to create the title track "Starboy," while at least two producers for Yasminah have already settled out of court with the superstar.

24.     Other lawsuits against Defendants include allegations that The Weeknd copied a composer's film score to create hit song "The Hills," and that when creating "Belong to the World" The Weeknd sampled the song "Machine Gun" from the artist Portishead over his objection.

25.     Furthermore, according to performing rights organizations' records, it appears that "duplicate claims" have been lodged against dozens of songs written and/or performed by The Weeknd, including those co-written by Jason Quenneville.

26.     Clearly, the Weeknd does not create his own work, but merely slavishly copies others. The Weeknd's songwriting process includes using other people's work to write songs.

6

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

27.   Plaintiffs' song is registered with the Copyright Office at number: SRu001345680, protecting their musical composition "I Need To Love." <u>See</u> Exhibit 2. Defendants' song is registered with the Copyright Office at numbers: PA0002083923, PA0002063071, PA0002082977, and SR0000814318.

28.   According to the registration ending in 3923, defendant MXM, LLC is a claimant and owns the song, the rights for which are administered by defendant Kobalt. According to the registration ending in 3071, Kobalt is actually a copyright owner and claimant. Also according to that registration, Warner Chappell and Songs Music Publishing LLC are also claimants and owners. It is believed that some of Songs Music's rights were transferred to Kobalt in or around 2017. According to the registration ending in 2977, Sal and Co LP is a claimant and owner, and its rights are administered by Universal Music. Universal Music is also listed as a claimant and owner. According to the registration ending in 4318, defendant The Weeknd XO Music, ULC is the copyright claimant and Universal Music Group controls rights and permissions for the *Starboy* album and its songs.

29.   The sheet music on sale of "A Lonely Night" lists the following entities as blessing the sale of "A Lonely Night" and benefitting from the infringing exploitation of Plaintiffs' work:

> Songs Music Publishing, LLC o/b/o Songs Of SMP, MXM, WB Music Corp., Wolf Cousins, Warner/Chappell Music Scandinavia AB, Universal Music Corp. and Sal And Co LP. All Rights for MXM Administered Worldwide by Kobalt Songs Music Publishing. All Rights for Wolf Cousins and Warner/Chappell Music Scandinavia AB in the U.S. and Canada Administered by WB Music Corp. All Rights for Sal And Co LP Administered by WB Music Corp. and Universal Music Corp.

Exhibit 3.

30.   YouTube lists the following Defendants as licensing the use of the song: Universal Music Group for Republic Records (a Universal and UMG

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Recordings imprint), Universal Music Publishing, Warner Chappell, and Kobalt Music Publishing. See https://youtu.be/i4ghdw373a4.

31.     An ASCAP repertory search reveals that Kobalt administers the song and is a publisher for KMR Music Royalties and MXM Music AB. Warner Chappell is listed as a publisher for Sal and Co LP. Universal Music Corporation is also listed as a publisher, as is WB Music Corp. Warner Chappell also publishes and administers the copyright for Warner-Chappell Music Scandinavia AB and Wolf Cousins.

32.     Spotify, Amazon, and Apple/iTunes state of the *Starboy* album and its constituent songs: "© 2016 The Weeknd XO, Inc., Manufactured and Marketed by Republic Records, a Division of UMG Recordings, Inc." See https://open.spotify.com/album/4AdZV63ycxFLF6Hcol0QnB; https://www.amazon.com/Starboy-Explicit-Weeknd/dp/B01LXAA8YF/ref=sr_1_1?keywords=starboy+album&qid=1568674983&sr=8-1 https://music.apple.com/us/album/starboy/1440871397. Streaming service Deezer states that "Universal Republic Records" owns or authorized the use of the song. See https://www.deezer.com/en/album/14652152.

33.     On information and belief, all Defendants' license, permit, or otherwise allow the infringing song to be exploited by physical sales and also online via streaming and digital downloads.

34.     When Plaintiffs refer to publishers in this complaint, all publishers are alleged to have ownership of the "A Lonely Night" copyright. When Plaintiffs refer to administrators, all administrators of the copyright are alleged to receive a financial cut of the exploitation of "A Lonely Night" and the *Starboy* album.

35.     Every owner, publisher, and administrator of the *Starboy* album knows about the infringement (i.e. the exploitation of "A Lonely Night" on the internet and by physical sales), encourages and wants the exploitation to occur, has

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

the right to control such infringement, and receives financial compensation as a result of the exploitation of the infringing work "A Lonely Night."

36.   All predicate acts of infringement took place in the United States, and upon information and belief in the Central District of California.

37.   Plaintiffs are also entitled as a matter of law to ~~a declaration of ownership and authorship in "A Lonely Night," and~~ actual damages, direct profits, and indirect profits from the exploitation of the song.

38.   As a result of Defendants' conduct, Plaintiffs are entitled to damages, which include but are not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

*****

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# THE PARTIES

## Plaintiffs

**William "Billy" Smith**                              **"Smith"**

39.  Plaintiff Billy Smith is a resident of the United Kingdom, and holds dual citizenship with the United Kingdom and the United States.

40.  He co-wrote, co-authored, and co-owns the song "I Need to Love," with Clover and McCulloch.

41.  The trio also co-produced, co-engineered, and collectively performed the song.

**Brian Clover**                                     **"Clover"**

42.  Plaintiff Brian Clover is a resident and citizen of the United Kingdom.

43.  He co-wrote, co-authored, and co-owns the song "I Need to Love," with Smith and McCulloch.

44.  The trio also co-produced, co-engineered, and collectively performed the song.

**Scott McCulloch**                                **"McCulloch"**

45.  Plaintiff Scott McCulloch is a resident and citizen of the United Kingdom.

46.  He co-wrote, co-authored, and co-owns the song "I Need to Love," with Smith and Clover.

47.  The trio also co-produced, co-engineered, and collectively performed the song.

10

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**Defendants**

**Defendant Abel M. Tesfaye**                             **"The Weeknd"**

48.   Defendant Abel Tesfaye is professionally known as "The Weeknd."

49.   The Weeknd is a resident of Hidden Hills, CA.

50.   The Weeknd released his album, *Starboy*, on November 25, 2016. The album rocketed to the top of the charts and has been certified as double platinum in the United States.

51.   Tesfaye is listed as one the authors and writers of the track on *Starboy* called "A Lonely Night."

52.   Tesfaye owns, operates, and controls The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, and XO&co., Inc., for the purposes of creating and selling his music. When Plaintiffs refer to Tesfaye they are jointly referring to Tesfaye as well as his companies.

53.   Tesfaye directly infringed Plaintiffs' song by duplicating it, creating derivative works, publicly performing it, selling it, licensing it, and otherwise reproducing it without authorization.

54.   At all points Defendant, as an author and owner, had the right and ability to control or stop the infringing conduct but failed to do so.

55.   At all points as an author and owner, Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

56.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**Defendant Jason Quenneville**                          **"DaHeala"**

57.    Defendant Jason Quenneville is a producer known as DaHeala. On information and belief he is a resident of Los Angeles, CA.

58.    Quenneville is credited as a writer on "A Lonely Night" and is an owner of the song.

59.    Quenneville also has worked during the relevant time periods in and around 2016 as an in house producer and artist at Universal Music. During that same time period he was in-house producer and creative director for The Weeknd, and co-authored multiple songs for The Weeknd, including "A Lonely Night" on the *Starboy* album.

60.    By virtue of his employment and other relationships with Universal, Quenneville had access to Plaintiffs' song "I Need to Love".

61.    Quenneville directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

62.    At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

63.    At all points as an author and owner of the infringing song Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

64.    As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**Defendant Ahmad Balshe**                              **"Belly"**

65.    Defendant Ahmad Balshe is listed as an author of the song "A Lonely Night." He is professionally known as "Belly."

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

66. On information and belief Balshe resides in Encino, California, in the Central District of California.

67. Balshe directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

68. At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

69. At all points as an author and owner of the infringing song Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

70. As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant Savan Harish Kotecha                                "Kotecha"

71. Defendant Savan Kotecha is listed as a co-author of "A Lonely Night."

72. On information and belief, Kotecha resides in Los Angeles, CA, in the Central District of California.

73. Kotecha directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

74. At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

75. At all points as an author and owner of the infringing song Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

76.    As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant Karl Martin Sandberg                     "Max Martin"

77.    Defendant Karl Martin Sandberg is listed as a co-author of "A Lonely Night." He is professionally known as Max Martin.

78.    On information and belief Sandberg resides in the Central District of California.

79.    Sandberg owns the entities MXM, LLC, MXM Publishing, and MXM Music AB ("Sandberg entities").

80.    Sandberg directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

81.    At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

82.    At all points as an author and owner of the infringing song Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

83.    As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant The Weeknd XO, LLC

84.    Defendant The Weeknd XO, LLC, is a Delaware corporation, headquartered in Los Angeles, CA. Upon information and belief, Abel Tesfaye

14

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

uses this entity to create, promote, and sell his music including "A Lonely Night" and the *Starboy* album.

85.     Tesfaye, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

86.     At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

87.     At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

88.     As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant The Weeknd XO, Inc.

89.     Defendant The Weeknd XO, Inc. is an entity headquartered in Los Angeles, CA.

90.     It does not appear to be formally registered in any US state, but it does appear on the copyright registration filed for "A Lonely Night," number: PA0002082977, and other songs on the *Starboy* album.

91.     Upon information and belief, Abel Tesfaye uses this entity to create, promote, and sell his music.

92.     Tesfaye, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

93.     At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

15

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

94.    At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

95.    As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant Daheala & Co., LLC

96.    Daheala & Co. is a label for Jason Quenneville incorporated in California and headquartered in Los Angeles.

97.    Quenneville, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

98.    At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

99.    At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

100.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant MXM, LLC

101.   Defendant MXM LLC is a single member LLC, of which Karl Martin Sandberg is the member.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

102.   It is incorporated in the state of California, and headquartered in Beverly Hills. It is believed to be doing business as "MXM."

103.   Sandberg, by and through MXM LLC, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

104.   At all points Sandberg, by and through Defendant, had the right and ability to control or stop the infringing conduct but failed to do so.

105.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

106.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant MXM Publishing

107.   On information and belief, Defendant is an entity headquartered in Los Angeles, CA, which publishes music for Karl Martin Sandberg and is otherwise owned by him.

108.   Sandberg, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

109.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

110.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or

17

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

111.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant MXM Music AB

112.   On information and belief, Defendant is owned by Karl Martin Sandberg. Defendant is a Swedish company which does business by and through Martin in Los Angeles, CA, including for the *Starboy* album.

113.   On information and belief, Defendant is doing business as Wolf Cousins, and owns the Wolf Cousins trademark.

114.   On information and belief, Defendant is also doing business as MXM Publishing.

115.   Sandberg, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

116.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

117.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

118.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Wolf Cousins

119.    Upon information and belief Wolf Cousins is an entity which owns or administers or publishes "A Lonely Night." It is affiliated with Max Martin.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Performing rights organizations such as ASCAP indicate that it is represented by WB Music Corp. and Warner/Chappell Music Inc.

120.   Sandberg, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

121.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

122.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

123.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**Universal Music Group, Inc.; Universal Music Publishing, Inc. (d/b/a Universal Music Publishing Group); Universal Music Corporation**

124.   The Universal Defendants own UMG Recordings, Inc. Unless otherwise stated, when Plaintiffs refer to "Universal defendants" they are referring to all Universal entities around the world as the Universal entities act as one company.

125.   Defendants maintain offices in Los Angeles, CA and otherwise do business there.

126.   Defendants own and/or or publish and/or or administer "A Lonely Night."

127.   Defendants directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

128.   At all points Defendants had the right and ability to control or stop the infringing conduct but failed to do so.

129.   At all points Defendants knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

130.   As owners of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

131.   Big Life Music represented Plaintiffs and shopped their songs to artists for development from 2005 until 2008.

132.   Big Life was acquired by Universal Music Publishing Group in 2008. From 2008 to 2016 Universal Music Publishing Group represented Plaintiffs regarding their song "I Need to Love."

133.   It was through the Universal Defendants that the other Defendants found and copied Plaintiffs' song "I Need To Love." The Universal Defendants did not have the ability or authority to allow other Defendants to use Plaintiffs' work.

134.   Not coincidentally on November 11, 2016, just two weeks before The Weeknd released the *Starboy* album with "A Lonely Night" on it, Defendants and all other Universal entities ceded any and all rights back to Plaintiffs in "I Need To Love" and made it clear that the work was "unexploited."

**Kobalt Songs Music Publishing, Inc.**

135.   Defendant Kobalt own the copyright and administer intellectual property for the Defendants in relation to the exploitation of "A Lonely Night" and the *Starboy* album, including in Los Angeles, CA.

136.   Kobalt purchased SONGS Music Publishing's catalogue of songs in December 2017, which included the *Starboy* album and "A Lonely Night."

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

137.   Kobalt owns and/or or publishes and/or or administers "A Lonely Night."

138.   Kobalt also administers defendant Karl Sandberg and his entities' intellectual property.

139.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

140.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

141.   At all points as an owner, publisher, and administrator of the copyright for the infringing son Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

142.   As an owner and administrator of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**SONGS Music Publishing LLC**

143.   Songs Music is incorporated in New York, and maintains an office in Los Angeles, CA. Upon information and belief it also does business under the name "Songs of SMP."

144.   Songs Music published "A Lonely Night" and the *Starboy* album.

145.   Songs Music sold its catalogue to Kobalt Capital in or around December 2017.

146.   On information and belief the Kobalt defendants are a successor company or companies to Songs Music Publishing LLC.

147.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

148.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

149.   At all points as an owner of the copyright Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

150.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**Songs of SMP**

151.   Songs of SMP is an entity which owns and/or administers and/or publishes "A Lonely Night."

152.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

153.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

154.   At all points as an owner of the infringing copyright Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

155.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**WB Music Corp.; Warner/Chappell Music, Inc.;**

156.   WB Music Corp. is incorporated in California and is part of a worldwide music empire run by Warner Music. Warner/Chappell Music is a

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Delaware corporation which maintains offices in Los Angeles, CA. Warner/Chappell owns Warner/Chappell Music Scandinavia AB. When Plaintiff refers to Warner, they are referring to all Warner entities which act as one company.

157.   Defendants own and/or publish and/or administer "A Lonely Night," at least in part, including for several other owners or publishers including Payami, Sal and Co, and Wolf Cousins.

158.   Defendants directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

159.   At all points Defendants had the right and ability to control or stop the infringing conduct but failed to do so.

160.   At all points as Defendants knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

161.   As an owner and administrator of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**Defendant Sal and CO Management LP                "Sal and CO"**

162.   Sal and Co is a Delaware entity, headquartered in Beverly Hills, CA.

163.   Upon information and belief, it is doing business as Sal and CO LP.

164.   Its general partners are Tony Sal and Artist National Management Group, Inc. Sal and Co. owns the copyright "A Lonely Night."

165.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

166.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

167.   At all points as an owner of the infringing copyrights Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

168.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant Sal and CO LP                                   "Sal and CO"

169.   Sal and Co is a Delaware entity, headquartered in Beverly Hills, CA.

170.   Its general partners are Tony Sal and Artist National Management Group, Inc. Sal and Co. owns the copyright "A Lonely Night."

171.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

172.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

173.   At all points as an owner of the infringing copyright Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

174.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant Wassim Salibi                                   (a/k/a Tony Sal)

175.   Wassim Salibi (aka Tony Sal) is a general partner of Sal and CO LP and/or Sal and CO Management LP.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

176.   Salibi is a co-manager of The Weeknd. Salibi owns the infringing copyright by and through Sal and Co.

177.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

178.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

179.   At all points as an owner of the infringing copyright and manager of The Weeknd, Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

180.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## Defendant Artist Nation Management Group, Inc.

181.   Artist Nation is a Delaware corporation, headquartered in Beverly Hills, CA. Artist Nation is a general partner of Sal and CO LP and/or Sal and CO Management LP. Defendant owns the copyright "A Lonely Night" through Sal and Co.

182.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

183.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

184.   At all points as an owner of the copyright Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

185.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## The Weeknd XO Music, ULC

186.   Defendant The Weeknd XO, LLC, is a Canadian corporation, headquartered in Los Angeles, CA. Upon information and belief, Abel Tesfaye uses this entity to create, promote, and sell his music, and it acts as a label.

187.   Tesfaye, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

188.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

189.   At all points as an owner of the copyright Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

190.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

## XO&co, Inc.                                                    "XO"

191.   Defendant XO&co, Inc. is a corporation doing business as "XO," as a label for The Weeknd. It is headquartered in Los Angeles, CA. Upon information and belief, Abel Tesfaye uses this entity to create, promote, and sell his music, and it acts as a label.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

192.   Tesfaye, by and through Defendant, directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

193.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

194.   At all points Tesfaye, by and through Defendant, knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

195.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

**Defendant UMG Recordings, Inc.          (d/b/a Republic Records)**

196.   UMG Recordings is a Delaware Corporation headquartered in Los Angeles, CA. It is owned by Universal Music Group.

197.   UMG is the record company and label which distributes The Weeknd's music, doing so under the name Republic Records.

198.   Defendant directly infringed Plaintiffs' song by duplicating it, creating derivative works, and otherwise reproducing it without authorization.

199.   At all points Defendant had the right and ability to control or stop the infringing conduct but failed to do so.

200.   At all points Defendant knew of the infringement and also materially contributed and caused the infringement by, including but not limited to, promoting, distributing, and selling The Weeknd's *Starboy* and/or "A Lonely Night" and/or permitting their use. This includes by licensing the song's use, or allowing the same, on streaming and digital download services such as Spotify, YouTube, Pandora, Amazon, iTunes, and others.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

201.   As an owner of the infringing copyright Defendant has received significant financial benefits as a result of the infringement.

\*\*\*\*\*

202.   On information and belief, each and every Defendant was an agent, partner, representative, affiliate, employee, alter ego, or co-conspirator of each and every other Defendant, and in doing the things alleged herein, each and every Defendant was acting pursuant to such conspiracy and/or within the course and scope of such agency, representation, affiliation, control or employment and was acting with the consent, permission and authorization of the other Defendants. Moreover, on information and belief, each Defendant who joined the conspiracy after its formation ratified, adopted and is liable for all acts committed in furtherance of the conspiracy including those committed before such Defendant joined the conspiracy.

203.   Whenever the Complaint refers to any act or acts of a Defendant, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, controlling companies or agents of the responsible Defendants authorized such act while actively engaged in the management, direction or control of the affairs of Defendant, and each of them, and/or by persons who are the alter ego of Defendants, or while acting within the scope of their agency, affiliation, control, or employment. Whenever the Complaint refers to any act of Defendants, the references shall be deemed to be the act of each Defendant, jointly and severally.

\*\*\*\*\*

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# JURISDICTION AND VENUE

204.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

205.   The infringement of "I Need to Love" has occurred by virtue of the commercial exploitation of "A Lonely Night" which occurred, and continues to occur, in the Central District of California, the entire United States, and throughout the world.

206.   It is believed that "I Need to Love" was first copied and made into "A Lonely Night" in Los Angeles, CA.

207.   This action is brought as a copyright infringement case and related claims; and therefore, subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. §§ 1331 and 1338.

208.   The Central District of California has personal jurisdiction over each and every Defendant by virtue of (1) their specific contacts with this district concerning "A Lonely Night," and (2) their general, systematic, and continuous business and music contacts with this district, especially concerning the exploitation of the *Starboy* album.

209.   Furthermore, the defendants, as elaborated in the above section and incorporated here by reference, reside in the Central District of California, and/or do substantial business with those businesses which reside in this district related to the allegations in this complaint.

210.   Venue lies within this Court pursuant to 28 U.S.C. Sections 1391(b)(1) – (3), 1391(c), 1391(d), and 1400(a) in that one or more defendants reside in this district or have agents that reside in the district and/or are found in the district.

*****

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COUNT 1

## DIRECT COPYRIGHT INFRINGEMENT

*(Against all Defendants.)*

211.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

212.   Plaintiffs jointly own all rights in the musical composition "I Need To Love," which is an original and novel copyrightable composition.

213.   To be liable for direct copyright infringement a defendant must have had access to the work allegedly copied, and there must be substantial similarity between the infringing work and the infringed work. Access can be established by showing with direct or circumstantial evidence that the work in question was actually copied. Access can also be established by demonstrating that the two works are so strikingly similar that independent creation is precluded. Substantial similarity is proven by demonstrating that an ordinary person would recognize the infringing song as having been taken from the Plaintiffs' protected expression.

214.   Here, access is proven by the striking similarity between "I Need to Love" and "A Lonely Night," which precludes independent creation. The chorus in "A Lonely Night" is practically identical to the verse in "I Need to Love," including the melody, rhythm, and pitch. The similarities could not have been the result of a coincidence.

215.   Furthermore, access is proven by Defendants' relationships with Plaintiffs' former publisher. Defendant Universal and its predecessor company acquired the rights to Plaintiffs' music, including "I Need to Love," and promoted it throughout the world from 2005 to November 11, 2016. Defendant Quenneville was an in-house producer during this time period for Universal Music. Quenneville was also an in house producer for The Weeknd, and co-wrote five songs on the

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

*Starboy* album including "A Lonely Night." *Starboy* was released on November 25, 2016.

216.   Given Quenneville positions with Universal and The Weeknd, and given that Plaintiffs' music (including "I Need to Love") was with Universal, Defendants clearly had access to Plaintiffs' music.

217.   Furthermore, Defendants' songwriting process uses other people's music as the basis for many of their songs.

218.   At no point have Plaintiffs given Defendants permission to use "I Need to Love" or any part of the protected musical expression and/or composition in that song.

219.   Defendants directly copied parts of Plaintiffs' composition "I Need to Love" in the song "A Lonely Night."

220.   The parts of "I Need to Love" copied in "A Lonely Night" are substantially similar, and strikingly similar, as explained by Plaintiff's expert musicologist, Alexander Stewart. See Exhibit 1.

221.   Without authorization or permission, Defendants have exploited Plaintiffs' composition, reaping tremendous financial rewards and other pecuniary benefits to the detriment of Plaintiffs.

222.   Defendants violated Plaintiffs' exclusive rights by, including but not limited to, doing the following:

        a.   copying and reproducing Plaintiffs' work without permission,

        b.   preparing derivative works based upon Plaintiffs' copyright which are substantially similar to Plaintiffs' work,

        c.   distributing copies of the copyrighted work to the public,

        d.   performing the work publicly.

223.   Defendants have also encouraged and otherwise induced third parties to infringe on Plaintiffs' copyright.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

224.   On information and belief, the initial and predicate acts of copying of "I Need to Love" occurred in the United States in Los Angeles, CA.

225.   As a result of Defendants' conduct, acts, and/or omissions Plaintiffs are entitled to relief, including but not limited to actual damages, direct profits, and indirect profits. This includes but is not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

*****

32

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# COUNT II

## CONTRIBUTORY COPYRIGHT INFRINGEMENT

*(Against all Defendants.)*

226.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

227.   To state a claim contributory copyright infringement a plaintiff must show that the defendants induced, caused, materially contributed to, or participated in the infringement of Plaintiffs' copyrighted song, "I Need to Love."

228.   Here, as described in detail throughout this complaint, the Defendants all own, publish, or administer the copyright "A Lonely Night" and thus have complete control over how the work is exploited. See Amended Complaint, ¶28-35.

229.   In the event that some or all of Defendants' actions and inactions are determined to not be directly infringing, then they are alleged to be contributorily infringing. For instance, as this complaint details, Defendants license, market, and otherwise allow the song to be placed on streaming and download services, where third parties infringe the copyright, for which Defendants receive remuneration. See Amended Complaint, ¶28-35.

230.   As owners, administrators, or publishers of the infringing song Defendants had and have knowledge of the ongoing infringing activity that is the subject of this lawsuit—the use of "I Need to Love" in "A Lonely Night"—and have induced and materially contributed to the infringing conduct of the direct infringers of Plaintiffs' copyrighted song.

231.   Without authorization or permission, Defendants continue to exploit Plaintiffs' song reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiffs.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

232.   As a result of Defendants' conduct, acts, and/or omissions Plaintiffs are entitled to relief, including but not limited to actual damages, direct profits, and indirect profits. This includes but is not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

*****

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# COUNT III

## VICARIOUS COPYRIGHT INFRINGEMENT

*(Against all Defendants.)*

233.   Plaintiffs hereby incorporate by reference the preceding paragraphs and repeats and realleges each of the allegations as if fully set forth here.

234.   To state a claim for vicarious copyright infringement the defendants must profit from the direct infringement while declining to exercise a right to stop or limit the direct infringement.

235.   Here, as described in detail throughout this complaint, the Defendants all own, publish, or administer the copyright "A Lonely Night" and thus have complete control over how the work is exploited and receive a great deal of monies in return. See Amended Complaint, ¶28-35.

236.   In the event that some or all of Defendants' actions and inactions are determined to not be directly infringing, then they are alleged to be vicariously infringing. For instance, as this complaint details, Defendants have the right and ability to stop or limit the exploitation of the infringing song on streaming and download services, but have declined to do so. They receive remuneration for the exploitation of the songs on these services. See Amended Complaint, ¶28-35.

237.   Here, as owners, publishers, or administrators, all Defendants profit from the dissemination, sale, distribution, and licensing of the song "A Lonely Night."

238.   Furthermore, Defendants, as producers, publishers, songwriters, and copyright holders, all have control over the dissemination, sale, distribution, and licensing of the song "A Lonely Night" but have not stopped the exploitation of the infringing work.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

239.   Without authorization or permission, Defendants continue to exploit "I Need to Love" as "A Lonely Night," reaping tremendous financial rewards and other pecuniary benefits, to the detriment of Plaintiffs.

240.   As a result of Defendants' conduct, acts, and/or omissions Plaintiffs are entitled to relief, including but not limited to actual damages, direct profits, and indirect profits. This includes but is not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, and concert revenue—and any other revenue derived from the exploitation of "A Lonely Night" and the *Starboy* album.

*****

36

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

~~COUNT IV[1]~~

~~**DECLARATION OF AUTHORSHIP/OWNERSHIP**~~

~~*(Against all Defendants)*~~

~~241. Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.~~

~~242. As delineated throughout this complaint, Plaintiffs are the joint authors and owners of "I Need To Love." "I Need to Love" is a joint work.~~

~~243. Because "I Need to Love" was used to create "A Lonely Night," "A Lonely Night" is a derivative work in which Plaintiffs have ownership.~~

~~244. Plaintiffs request that this Court declare that Plaintiffs are joint authors and/or owners of the compositions and/or sound recordings for "I Need to Love."~~

~~245. Plaintiffs request that this Court declare that Plaintiffs are authors and/or owners of the compositions and/or sound recordings for the derivative work "A Lonely Night"—whatever form that authorship or ownership might take—and all other works which use "I Need to Love."~~

~~246. Plaintiff requests that all monies and credit that has thus far been denied to them, and in the future, as a result of the exploitation of their intellectual property be awarded to them.~~

*****

[1] The Court ruled that this claim should be dismissed and Plaintiffs respect that ruling. Plaintiffs have therefore stricken through this claim, but have left it in the amended complaint to make it clear that Plaintiffs are not waiving their rights in the event of an appeal.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**COUNT V**
**ACCOUNTING - DECLARATORY RELIEF**
*(Against all Defendants)*

247. Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.

248. This claim is alleged in the alternative to the copyright infringement claims.

249. As delineated throughout this complaint, Plaintiffs are authors and owners of "I Need to Love" and allege that "A Lonely Night" was created using "I Need to Love."

250. Plaintiffs are alleging that Defendants acquired their song through Universal, which represented both Plaintiffs and many of the Defendants.

251. Defendants will likely claim at some point in this lawsuit that they were given permission by Universal to use the song, and that because they allegedly had a license they are not liable for copyright infringement.

252. Plaintiffs do not believe that Universal had the right or ability to authorize the other Defendants to use Plaintiffs' copyright to create "A Lonely Night."

253. However, in the event that this Court decides that Defendants had a license and that there was no infringement, then Plaintiffs would nevertheless be entitled to a portion of the monies made from the exploitation of "A Lonely Night" given that it incorporates Plaintiffs' work, is derivative of Plaintiff's work, and uses Plaintiffs' artistic efforts and time spent creating "I Need to Love" without properly compensating Plaintiffs. [2]

---

[2] Note that in the circumstance that the Court determines that Defendants had a license to use Plaintiffs' song to create "A Lonely Night" (meaning there was no infringement), then "A Lonely Night" would be a derivative work of "I Need to Love." In such a scenario, Plaintiffs would be entitled to an authorship and ownership determination of how much they own of the derivative work "A Lonely Night" to determine how much they are due under an accounting and

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

254.   Because Defendants are currently in constructive and apparent possession of Plaintiffs' intellectual property and monies, they owe fiduciary duties to Plaintiffs.

255.   Plaintiffs demand an accounting of all monies Defendants have received, and which Plaintiffs are due but have not been paid, as a result of the use and exploitation of their copyrighted work.

256.   All monies properly due to Plaintiffs not distributed should be distributed and otherwise awarded to Plaintiffs.

*****

a claim for unjust enrichment. <u>See</u> Doc. No. 52, at p.18.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

### COUNT VI –

### CONSTRUCTIVE TRUST - DECLARATORY RELIEF

*(Against all Defendants)*

257.   Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.

258.   This claim is alleged in the alternative to the copyright infringement claims.

259.   As delineated throughout this complaint, Plaintiffs are authors and owners of "I Need to Love" and allege that "A Lonely Night" was created using "I Need to Love."

260.   Plaintiffs are alleging that Defendants acquired their song through Universal, which represented both Plaintiffs and many of the Defendants.

261.   Defendants will likely claim at some point in this lawsuit that they were given permission by Universal to use the song, and that because they allegedly had a license they are not liable for copyright infringement.

262.   Plaintiffs do not believe that Universal had the right or ability to authorize the other Defendants to use Plaintiffs' copyright to create "A Lonely Night."

263.   However, in the event that this Court decides that Defendants had a license and that there was no infringement, then Plaintiffs would nevertheless be entitled to a portion of the monies made from the exploitation of "A Lonely Night" given that it incorporates Plaintiffs' work and uses Plaintiffs' artistic efforts and time spent creating "I Need to Love" without properly compensating Plaintiffs.

264.   Because Defendants are currently in constructive and apparent possession of Plaintiffs' intellectual property and monies, they owe fiduciary duties to Plaintiffs.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

265.    Plaintiffs ask that the Court hold all past, current, and future monies due to Plaintiffs in trust.

*****

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# COUNT VII

# UNJUST ENRICHMENT

*(Against all Defendants)*

266.   Plaintiffs incorporate by reference and reallege the preceding paragraphs of this complaint.

267.   Plaintiffs are alleging that Defendants acquired their song through Universal, which represented both Plaintiffs and many of the Defendants.

268.   Defendants will likely claim at some point in this lawsuit that they were given permission by Universal to use the song, and that because they allegedly had a license they are not liable for copyright infringement.

269.   Plaintiffs do not believe that Universal had the right or ability to authorize the other Defendants to use Plaintiffs' copyright to create "A Lonely Night."

270.   However, in the event that this Court decides that Defendants had a license and that there was no infringement, then Plaintiffs would nevertheless be entitled to a portion of the monies made from the exploitation of "A Lonely Night" given that it incorporates Plaintiffs' work and uses Plaintiffs' artistic efforts and time spent creating "I Need to Love" without properly compensating Plaintiffs.

271.   All Defendants have profited off the use of Plaintiffs' work without providing any credit, compensation, or obtaining authorization to exploit Plaintiffs' work.

272.   Defendants have been enriched using Plaintiffs' intellectual property but have returned nothing to the true creators as compensation for the artistic effort, time, and money they spent creating "I Need to Love."

273.   As delineated throughout this complaint, Plaintiffs are authors and owners of "I Need to Love" and their song was used to create "A Lonely Night" without any compensation to Plaintiffs.

AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

274.   This is unjust and Plaintiffs demand and request a judgment requiring Defendants to pay to Plaintiffs all monies they have been unjustly enriched with.

*****

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# CLAIMS FOR RELIEF

Wherefore, Plaintiffs demand judgment in their favor on all Counts and against all Defendants for an amount well in excess of the jurisdictional amount required to guarantee a jury trial. Plaintiffs request that this Court determine and declare that Plaintiffs are additionally awarded and afforded on all Counts:

(a)   Compensatory damages, together with interest, costs, and delay damages;

(b)   Actual damages, direct profits, and/or indirect profits, including but not limited to licensing fees, mechanical royalties, advertising revenue, streaming revenue, concert revenue.

(c)   ~~Statutory damages of $150,000 per infringement pursuant to 17 U.S. Code § 504 given the willfulness of Defendants' conduct;~~

(d)   ~~Declarations of authorship and ownership;~~

(e)   Accounting and constructive trust;

(f)   Equitable relief pursuant to 17 U.S. Code § 502 and § 503;

(g)   ~~Punitive and exemplary damages;~~

(h)   Injunctive and other equitable relief inclusive of but not limited to impoundment, destruction, and halting of sales of the infringing material.

(i)   ~~Costs and attorney's fees~~; and

(j)   Such other and further relief as the Court deems just, necessary, and appropriate under the circumstances or allowed by statute.

Dated:  September 16, 2019        FRANCIS ALEXANDER LLC

*/s/ AJ Fluehr*
Alfred (AJ) Fluehr, Esq. (admitted *pro hac vice*)
Attorneys for Plaintiffs, William Smith, Brian Clover and Scott McCulloch

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1

# DEMAND FOR JURY TRIAL

2

3

Plaintiffs herby demand a trial by jury on all claims and issues so triable.

4

Dated:  September 16, 2019        FRANCIS ALEXANDER LLC

5

6

/s/ AJ Fluehr

Alfred (AJ) Fluehr, Esq. (admitted *pro hac vice*)

7

Attorneys for Plaintiffs, William Smith, Brian
Clover and Scott McCulloch

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1

# SPOLIATION CLAUSE

2
        Plaintiffs demand that Defendants take necessary actions to ensure the
3
preservation of all documents and things related to the case—in any format—
4
hardcopy, electronic, audio, and visual, inclusive of but not limited to: the Master
5
recording of "A Lonely Night", prior recordings of "A Lonely Night," the
6
individual audio tracks (both from prior recordings and initial/early takes), and any
7
and all session audio, tracks, and takes (whether or not used in the final Master).
8
Defendants should also preserve all ProTools files related to "A Lonely Night." All
9
material Defendants have related to "I Need to Love" should also be preserved.

10
        Defendants are also put on notice to preserve all things including but not
11
limited to information, materials, communications, or other content/data related to
12
the averments in this case.

13

14
Dated:  September 16, 2019          FRANCIS ALEXANDER LLC

15
                                                    */s/ AJ Fluehr*
16
                                                    Alfred (AJ) Fluehr, Esq. (admitted *pro hac vice*)
                                                    Attorneys for Plaintiffs, William Smith, Brian
17
                                                    Clover and Scott McCulloch

18

19

20

21

22

23

24

25

26

27

28

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

# CERTIFICATE OF SERVICE

A true and correct copy of Plaintiffs' Response to Court's Order is being filed electronically with the Court and will be served upon counsel of record by ECF:

Peter J. Anderson, Esquire
Nicolette Vairo, Esquire
865 S Figueroa Street | Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Direct : (310) 260-6030
Fax: (213) 633-6899
Email: peteranderson@dwt.com
*Attorneys For Defendants Abel M. Tesfaye, Jason Quenneville, Ahmed Balshe, Wassim Salibi, The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, DaHeala & Co., Sal & Co. Management, LP, Sal & Co. LP, XO&Co., Inc., Artist Nation Management Group, Inc., Universal Music Group, Inc., UMG Recordings, Inc., Universal Music Publishing, Inc., Universal Music Corporation, Kobalt Music Publishing America Inc., Warner Chappell Music, Inc., WB Music Corp. and Songs Music Publishing LLC*

And pursuant to Court Order, by publication, first class mail, and substituted service on the California Secretary of State (for MXM, LLC only) on:

**Karl Martin Sandberg; MXM, LLC; MXM Publishing; Wolf Cousins; MXM Music AB**
█████  ████████  ███
Beverly Hills, CA 90210

**Savan Harish Kotecha**
████  █████████████  ███
Los Angeles, CA 90048

\*\*\*\*\*

*Respectfully submitted,*

Francis Alexander, LLC

*/s/ Alfred J. Fluehr*
Alfred J. Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063

1

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

T:  (215) 341-1063
F:  (215) 500-1005
E: aj@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*

*/d/ September 16, 2019*

2

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**