1  Peter Anderson, Esq., Cal. Bar No. 88891
       peteranderson@dwt.com
2  Nicolette Vairo, Esq., Cal. Bar No. 311592
       nicolettevairo@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, CA 90017-2566
   Tel: (213) 633-6800
5  Fax: (213) 633-6899

6  Attorney for Defendants
   ABEL M. TESFAYE, JASON QUENNEVILLE,
7  AHMED BALSHE, WASSIM SALIBI,
   THE WEEKND XO, LLC, THE WEEKND XO, INC.,
8  THE WEEKND XO MUSIC, ULC, DAHEALA & CO.,
   LLC, SAL & CO MANAGEMENT LP, SAL & CO LP,
9  XO&CO., INC., UNIVERSAL MUSIC GROUP, INC.,
   UMG RECORDINGS, INC., UNIVERSAL MUSIC
10 PUBLISHING, INC., UNIVERSAL MUSIC
   CORPORATION, KOBALT MUSIC PUBLISHING
11 AMERICA INC., WARNER CHAPPELL
   MUSIC, INC., WB MUSIC CORP., and
12 SONGS MUSIC PUBLISHING, LLC

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15                     **WESTERN DIVISION**

| | |
|---|---|
| 16 William Smith; Brian Clover; Scott McCulloch, | Case No. 2:19-cv-02507-PA-MRWx |
| 17 | |
| 18                  Plaintiffs, | NOTICE OF MOTION AND MOTION TO DISMISS |
| 19         v. | [Fed. R. Civ. P. 12(b)(6)] |
| 20 The Weeknd; Abel M. Tesfaye (p/k/a The Weeknd); Jason Quenneville (p/k/a DaHeala); Ahmad Balshe (p/k/a Belly); | |
| 21 Savan Harish Kotecha; Ali Payami; Karl Martin Sandberg (p/k/a Max Martin); | Date: November 18, 2019<br>Time: 1:30 p.m. |
| 22 Peter Anders Svensson; The Weeknd XO, LLC; The Weeknd XO, Inc.; DaHeala & | Courtroom of the Honorable<br>Percy Anderson |
| 23 Co., LLC; MXM, LLC; MXM Publishing; MXM Music AB; Wolf Cousins; | United States District Judge |
| 24 Universal Music Group, Inc. Universal Music Publishing, Inc.; Universal Music | |
| 25 Corporation; Universal Music Publishing LTD; Universal Music Publishing BL | |
| 26 Limited; Big Life Music Ltd; Kobalt Songs Music Publishing, Inc.; KMR | |
| 27 Music Royalties II SCSP; SONGS Music Publishing LLC; Songs of SMP; | |
| 28         [Continued next page] | |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | Warner/Chappell Music, Inc.; WB Music )<br>Corp.; Warner/Chappell Music )<br>Scandinavia AB Sal and CO Manage- )<br>ment LP; Sal and CO LP; Wassim Salibi )<br>(aka Tony Sal) (general partner of Sal )<br>and Co); Artist Nation Management )<br>Group, Inc. (general partner of Sal and )<br>Co); The Weeknd XO Music, ULC )<br>XO&co., Inc. (d/b/a XO) UMG Record- )<br>ings, Inc. (d/b/a Republic Records); )<br>           )<br>           Defendants.  )<br>           )<br>           ) |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 18, 2019, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 9A of the above-entitled Court located at 350 West 1st Street, Los Angeles, California, defendants Abel M. Tesfaye, Jason Quenneville, Ahmed Balshe, Wassim Salibi, The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, DaHeala & Co., LLC, SAL & CO Management LP, Sal & Co LP, XO&Co., Inc., UMG Recordings, Inc., Universal Music Group, Inc., Universal Music Publishing, Inc., Universal Music Corporation, Kobalt Music Publishing America, Inc., erroneously sued as Kobalt Songs Music Publishing, Inc., Warner Chappell Music, Inc., WB Music Corp., Songs Music Publishing LLC, also sued as Songs of SMP, and Artist Nation Management Group, Inc., will move the above-entitled Court, the Honorable Percy Anderson, United States District Judge presiding, for an Order dismissing the First Amended Complaint's second through sixth claims for relief.

The Motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) and on the following grounds:

1. In their First Amended Complaint, plaintiffs repeat their Complaint's first claim for direct copyright infringement, in which they allege that a musical composition they claim to have written in the United Kingdom was copied by defendants in their creation in Los Angeles, California, of a recorded composition titled, *A Lonely Night*.

2. Plaintiffs' second and third claims are for, respectively, contributory and vicarious copyright infringement, but plaintiffs fail to comply with the Court's August 23, 2019 Order (Doc. 56) and, instead, plaintiffs continue to provide only conclusory allegations against all defendants, who plaintiffs also allege are direct infringers, and plaintiffs merely allege that if those defendants are not direct infringers then they are contributory or vicarious infringers.

1

3. Plaintiffs' fourth, fifth, and sixth claims for relief are state law claims for, respectively, an accounting, imposition of a constructive trust, and unjust enrichment, two of which claims plaintiffs allege they bring as an alternative to their copyright claims if the alleged use of plaintiffs' work was secretly licensed by one of two defendants that plaintiffs have dismissed from this case. But:

    (a) Plaintiffs fail to comply with the Court's August 23, 2019 Order that they expressly allege that their sixth claim for relief is alleges as an alternative to their copyright claims;

    (b) Plaintiffs also fail to comply with the Court's August 23, 2019 Order that they include in their state law claims well-pleaded allegations supporting a secret license theory and, instead, plaintiffs merely allege both that they believe defendants are likely to claim a license was issued but that plaintiffs do not believe a license was issued;

    (c) If, as plaintiffs allege, defendants' use *was* licensed, then plaintiffs' claims, if any, are against the dismissed defendants and plaintiffs have no viable state law claims against any of the defendants remaining in the action; and

    (d) If, as plaintiffs also allege a license *was not* issued, then plaintiffs' state law claims are each preempted by the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*, and 17 U.S.C. Section 301(a).

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the Motion.

///

| | |
|---|---|
| 1 | This Motion is made following the conference of counsel pursuant to L.R. 7-3, |
| 2 | which took place on September 19, 2019. |
| 3 | Dated: October 10, 2019 |

/s/ Peter Anderson
Peter Anderson, Esq.
Nicolette Vairo, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
ABEL M. TESFAYE,
UNIVERSAL MUSIC GROUP, INC.,
UMG RECORDINGS, INC.,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC CORPORATION,
KOBALT MUSIC PUBLISHING
AMERICA INC., WARNER CHAPPELL
MUSIC, INC., WB MUSIC CORP., SONGS
MUSIC PUBLISHING, LLC, JASON
QUENNEVILLE, AHMED BALSHE,
WASSIM SALIBI, THE WEEKND XO,
LLC, THE WEEKND XO, INC., THE
WEEKND XO MUSIC, ULC, DAHEALA
& CO., LLC, SAL & CO MANAGEMENT
LP, SAL & CO LP, and XO&CO., INC.
