Alfred (AJ) Fluehr, Esq.
aj@francisalexander.com
**FRANCIS ALEXANDER, LLC**
280 N. Providence Rd., Suite 1
Media, PA 19063
Tel: (215) 341-1063
Fax: (215) 500-1005
*Attorneys for Plaintiffs*

Glen L. Kulik, Esq. (SBN 082170)
gkulik@kgswlaw.com
David A. Bernardoni, Esq. (SBN 228155)
dbernardoni@kgswlaw.com
**KULIK GOTTESMAN SIEGEL & WARE LLP**
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
Tel: (310) 557-9200
Fax: (310) 557-0224
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Smith;<br>Brian Clover;<br>Scott McCulloch<br>    *Plaintiffs*<br>              v.<br>Abel M. Tesfaye et al.,<br><br>    *Defendants*. | **No.:** 2:19-cv-02507-PA<br><br>JOINT RULE 26(F) REPORT FOR SCHEDULING CONFERENCE set for November 4, 2019, at 10:30 am<br><br>Courtroom of the Honorable<br>Percy Anderson,<br>United States District Judge |

# JOINT RULE 26(F) REPORT

Pursuant to Fed. R. of Civ. Proc. 26(f), plaintiffs William Smith, Brian Clover, and Scott McCulloch ("Plaintiffs"), and defendants Abel M. Tesfaye, Jason Quenneville, Ahmed Balshe, Wassim Salibi, The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, DaHeala & Co., LLC, SAL & CO Management LP, Sal & Co LP, XO&Co., Inc., UMG Recordings, Inc., Universal Music Group, Inc., Universal Music Publishing, Inc., Universal Music Corporation, Kobalt Music Publishing America, Inc., erroneously sued as Kobalt Songs Music Publishing, Inc., Warner Chappell Music, Inc., WB Music Corp., Songs Music Publishing LLC, also sued as Songs of SMP, and Artist Nation Management Group, Inc. ("Defendants"), submit the following joint pretrial report in accordance with FRCP 26(f) and the Court's Order setting a scheduling conference.

I. BRIEF SUMMARY OF THE CASE

In their First Amended Complaint (Doc. 66), Plaintiffs assert claims for direct, contributory, and vicarious copyright infringement, an accounting, constructive trust, and unjust enrichment, and allege that Defendants and additional defendants who have not yet appeared in this action copied Plaintiffs' song "I Need to Love", without authorization, to create the song "A Lonely Night." Plaintiffs allege that Defendants had access to the song by and through Plaintiffs' publisher, Universal and its entities, which Plaintiff contend is also the company which is distributing the "A Lonely Night" and allegedly works with/employs several of the songwriting defendants. Plaintiffs also allege that the songs are strikingly similar to establish access, as well as substantially similar entitling them to substantial infringement damages.

Defendants have filed a Motion to Dismiss all of the First Amended Complaint's claims other than the first claim for direct copyright infringement, and that Motion is set for hearing on November 18, 2019 (Doc. 67). Defendants further dispute Plaintiffs' claims, and contend that those involved in the creation of "A

Lonely Night" did not have access to Plaintiffs' unpublished United Kingdom work, and that there are no musicologically significant similarities between Plaintiffs' "I Need to Love" and "A Lonely Night."

## II. SHORT SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE

Plaintiffs and Defendants presently believe that the following are the principal issues in the case:

(a) Plaintiffs' claimed creation and ownership of "I Need to Love."

(b) Whether those involved in the creation of "A Lonely Night" had access to Plaintiff's "I Need to Love."

(c) Whether "A Lonely Night" and "I Need to Love" are strikingly similar.

(d) Whether "A Lonely Night" and "I Need to Love" are substantially similar.

(e) Whether "A Lonely Night" was created independently of "I Need to Love."

(f) If Plaintiffs prove copyright infringement, what portion of defendants' respective profits, if any, are attributable to the alleged infringement, and the factors to be taken into consideration in apportioning profits under the Copyright Act.

(g) If Plaintiffs prove copyright infringement, then what Plaintiffs' are owed as actual damages due to the infringement.

## III. PLEADING AMENDMENTS

At this point in time there are no contemplated pleading amendments. However, several parties are due to respond or answer Plaintiffs' First Amended Complaint, and Plaintiffs do not know what they will allege, amendments may be requested.

## IV. ISSUES TO BE DETERMINED BY MOTION

The parties are discussing a potential early discovery dispute that they will attempt to resolve without the need of Court intervention.

V.   PROPOSED SCHEDULE OF DISCOVERY

Plaintiffs and Defendants have agreed to exchange initial disclosures by November 4, 2019.

Plaintiffs anticipate taking the depositions of all defendants, including those who have not yet appeared, and anticipate completing those depositions in January-February 2020.  Plaintiffs anticipate that Defendants responses to Plaintiffs' written discovery and Defendants' deposition testimony will identify additional documents and witnesses.  Accordingly, Plaintiffs anticipate serving additional written discovery and deposing additional witnesses, who may be located outside the country, and anticipate completing discovery in May 2020.

Now that the hold on discovery is lifted, Defendants will serve written discovery directed to Plaintiffs and anticipate that first wave of written discovery will be completed by December 15, 2019.

Defendants anticipate taking the depositions of Plaintiffs in January 2020.

Defendants anticipate that Plaintiffs' responses to Defendants' written discovery and Plaintiffs' deposition testimony will identify additional documents and witnesses.  Accordingly, Defendants anticipate serving additional written discovery and deposing additional witnesses, who may be located outside the country, and anticipate completing discovery in February to May 2020.

Keeping in mind the foregoing and that defendants named in Plaintiffs' First Amended Complaint have not yet appeared in this action, Plaintiffs and Defendants propose the following schedule of discovery.

- Fact Discovery Cut-Off: June 26, 2020
- Initial Expert Report Deadline: July 10, 2020
- Rebuttal Expert Report Deadline: July 31, 2020
- Expert Deposition Deadline: August 21, 2020

## VI. PROPOSED DISPOSITIVE MOTION DEADLINE

The parties propose September 28, 2020 as the deadline for hearing dispositive motions.

Defendants believe that Plaintiffs' claim of access, substantial similarity, and striking similarity may be determined by motion pursuant to Rule 56.

## VII. PRETRIAL CONFERENCE AND JURY TRIAL DATES, AND LENGTH

The parties propose October 26, 2020 as the pretrial conference date, November 17, 2020 as the start of a jury trial, and anticipate five to seven days will be needed.

## VIII. SETTLEMENT EFFORTS AND MEDIATION

Counsel for Plaintiffs and Defendants have extensively discussed settlement. Plaintiffs have asked for information as to the income that the song "A Lonely Night" has generated, so that Plaintiffs can evaluate the worth of the case for settlement purposes. Defendants have provided information and the parties are discussing Plaintiffs' requests for additional information and, to that end, the terms of a Stipulated Protective Order. Counsel will continue to strive to resolve the case.

In the meantime, Plaintiffs respectfully propose ADR option no. 2, an attorney mediator from the Court's panel, as the mediation method, while Defendants propose ADR option no. 3, namely private mediation.

## IX. ADDING OF PARTIES

At this point in time, the parties do not anticipate adding additional parties.

## X. OTHER ISSUES AFFECT MANAGEMENT OF CASE

As the Court knows, several defendants were ordered to be served via the California Secretary of State or by publication. The parties are currently waiting for their responses to the Complaint.

## XI. PROPOSALS REGARDING SEVERANCE AND BIFURCATION

At this time, Plaintiffs do not see this as an issue or something that is necessary as it would increase the complexity and cost of the case unreasonably, and

no exceptional circumstances present themselves here which would warrant such a step.

Defendants believe that liability and remedies should be bifurcated insofar as a determination that there is no liability would avoid the time, effort, and expenditure of judicial resources regarding Plaintiffs' claimed remedies.

## XII. COMPLEXITY OF THE CASE

Counsel for Plaintiffs and Defendants agree that this action is not "complex" and does not require utilization of any of the procedures of the Manual for Complex Litigation.

Respectfully Submitted,

**FRANCIS ALEXANDER, LLC**
*/s/ AJ Fluehr*
Alfred (AJ) Fluehr, Esq.
aj@francisalexander.com
280 N. Providence Rd., Suite 1
Media, PA 19063
Tel: (215) 341-1063
Fax: (215) 500-1005
*Law Firm/Lawyers for Plaintiffs*
*/d/* October 21, 2019

Dated: October 21, 2019

_____
Peter Anderson, Esq.
Nicolette Vairo, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
ABEL M. TESFAYE,
UNIVERSAL MUSIC GROUP, INC.,
UMG RECORDINGSs, INC.,
UNIVERSAL MUSIC PUBLISHING, INC.,
UNIVERSAL MUSIC CORPORATION,
KOBALT MUSIC PUBLISHING AMERICA INC., WARNER CHAPPELL MUSIC, INC.,
WB MUSIC CORP., SONGS MUSIC PUBLISHING, LLC, JASON QUENNEVILLE, AHMED BALSHE, WASSIM SALIBI. THE WEEKND XO.

LLC, THE WEEKND XO, INC., THE WEEKND XO MUSIC, ULC, DAHEALA & CO., LLC, SAL & CO MANAGEMENT LP, SAL & CO LP. and XO&CO.. INC.