Alfred (AJ) Fluehr, Esq.
aj@francisalexander.com
**FRANCIS ALEXANDER, LLC**
280 N. Providence Rd., Suite 1
Media, PA 19063
Tel: (215) 341-1063
Fax: (215) 500-1005
*Attorneys for Plaintiffs*

Glen L. Kulik, Esq. (SBN 082170)
gkulik@kgswlaw.com
David A. Bernardoni, Esq. (SBN 228155)
dbernardoni@kgswlaw.com
**KULIK GOTTESMAN SIEGEL & WARE LLP**
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
Tel: (310) 557-9200
Fax: (310) 557-0224
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| William Smith;<br>Brian Clover;<br>Scott McCulloch<br>    *Plaintiff*<br><br>              v.<br>Abel M. Tesfaye et al<br><br><br>    *Defendants* | **No.:** 2:19-cv-02507-PA<br><br>**Causes of Action:**<br>1. Direct Infringement<br>2. Contributory Infringement<br>3. Vicarious Infringement<br>4. Accounting<br>5. Constructive Trust<br>6. Unjust Enrichment<br><br>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>Date: November 18, 2019<br>Time: 1:30 pm |

Courtroom of the Honorable
Percy Anderson,
United States District Judge

***Jury Trial Demanded***

***Oral Argument Requested***

Plaintiffs William Smith, Brian Clover, and Scott McCulloch hereby respond in opposition to Defendants' motion to dismiss certain claims from the First Amended Complaint.

Defendants do not seek to have the direct infringement claims against Defendants dismissed (claim 1), only requesting that the claims for secondary copyright infringement liability and related state law claims (claims 2-6) be dismissed.

There are a great many factual issues to be investigated in discovery and until that is done the well-pled First Amended Complaint should not be dismissed in any fashion. Should the Court decide that any claim in the complaint is deficient, the Plaintiffs respectfully request permission to amend.

Oral argument is respectfully requested by Plaintiffs to address the issues in this motion and response.

Respectfully Submitted,

*****

*Respectfully submitted,*

Francis Alexander, LLC

*/s/ Alfred J. Fluehr*
Alfred J. Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 341-1063

2

F:  (215) 500-1005
E: aj@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*

*/d/ October 28, 2019*

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ............................................................... 6

II.   MOTION TO DISMISS LEGAL STANDARD. ................................ 8

III.  APPLICATION ................................................................ 8

      A.    THE CLAIMS FOR SECONDARY INFRINGEMENT
            ARE WELL PLED ....................................................... 8

      B.    THE STATE LAW CLAIMS ARE VALID IN THE
            ALTERNATIVE IN THE EVENT THAT DEFENDANTS
            ATTEMPT TO CLAIM THEY HAD
            AUTHORIZATION/LICENSE TO USE PLAINTIFFS'
            WORK. .................................................................... 13

IV.   CONCLUSION. .............................................................. 14

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

## Cases

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)  ........................................................ 8

Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007) .............................................. 8

Brownstein v. Lindsay, 742 F.3d 55, 67-68 (3d Cir. 2014)................................. 13-14

Fonovisa, Inc. v. Cherry Auction, Inc., 76 F. 3d 259, 262 (9th Cir. 1996) ............... 12

Perfect 10, Inc. v. Giganews, Inc., 847 F. 3d 657, 673 (9th Cir. 2017)...................... 8

Perfect 10, Inc. v. Visa Int'l Serv., Ass'n, 494 F.3d 788, 794-95 (9th Cir. 2007)....... 8

Shroyer v. New Cingular Wireless Services, Inc., 622 F3d 1035, 1041 (9th Cir. 2010) ........... 8

UMG Recordings, Inc. v. Veoh Networks, Inc., 718 F.3d 1006, 1014 (9th Cir. 2013)  ............ 8

## Statutes and Rules

Copyright Act of 1976, 17 U.S.C. § 103 .................................................................. 13

FRCP 8(d)(2)  ...................................................................................................... 11-12

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This motion should be denied. Defendants ask this court to dismiss the secondary infringement claims, as well as the state law claims. The First Amended Complaint more than adequately pleads claims for secondary infringement, and state law claims in the alternative to the infringement claims.

**The Secondary Infringement Claims are Proper**

Given the popularity of the allegedly infringing song "A Lonely Night" there were tens of millions of alleged infringements. The First Amended Complaint extensively details each Defendant's ownership of the infringing song and how they profit from the infringement.

Given the tens of millions of infringements, some of the infringements by certain Defendants will necessarily be direct infringement, and other infringements by other Defendants will be contributory or vicarious depending on the nature of the infringement and the role of the Defendant. For instance, for any particular infringement a defendant songwriter could be directly liable for the infringement, while a defendant publishing/administration entity which profits from the infringement may only be vicariously liable.

The nature of the appropriate cause of action will hinge: (1) on the defendant, and (2) on the type of infringement (physical, streaming, radio, etc). At this early stage of the case, it is very hard to tell whether the evidence will show that direct infringement is the correct cause of action, or whether, alternatively, a contributory or vicarious infringement is more appropriate for any given defendant. At this stage of the case Plaintiffs are not required to prove which type of infringement Defendants committed, only to plead sufficient facts to put Defendants on notice of the accusations against them. Plaintiffs have done so.

Defendants falsely accuse Plaintiffs of attempting to "skirt" the Court's order which stated that Plaintiffs should not allege that a defendant is simultaneously

liable for direct and secondary infringement for a particular infringement. See Order, at p.5. Plaintiffs First Amended Complaint is in no way attempting to skirt the Court's order and Plaintiffs in good faith are abiding by the Court's order. Plaintiffs are not pleading or arguing that a defendant can be both directly and secondarily liable for the same infringement.

Plaintiffs have furthermore pled extensive facts showing the vicarious and contributory liability of Defendants as a result of their ownership and administration of the "A Lonely Night" copyright. At this early juncture it impossible to know without discovery whether the infringements in question are direct, contributory, or vicarious.

There is no doubt or dispute that the alleged infringements took place; Plaintiffs' concern is that it is premature before discovery for the Court to dispositively characterize the nature of the tens of millions instances of infringement, and the role of each Defendant in those infringements (direct, contributory, vicarious), at this early stage of the case without more facts.

**The State Law Claims are Appropriate in the Alternative to Infringement**

As the Court knows, defendant Universal and its entities represented Plaintiffs for years with respect to their song "I Need to Love." Not coincidentally, Universal also represents many of the songwriters who allegedly wrote "A Lonely Night," and Universal also distributes the *Starboy* album on which that song appears.

Plaintiffs have pled the state law claims in the alternative to the infringement claims, in the event that Defendants attempt to claim they had permission from Universal to use Plaintiffs' song. ***To be clear***, it is Plaintiffs' primary position that Universal could not have given any such permission and that the infringement claims are the appropriate claims.

However, Plaintiffs are entitled to plead alternative claims for relief (in case the Court does find that Defendants had permission to use the song). See FRCP 8(d)(2). If Defendants did have a license to use the song, they would not be entitled

7

1  exclude Plaintiffs from sharing in the profits of "A Lonely Night." The state law
2  claims are designed to recover Plaintiffs' fair share for the use of their song.

3      At this early stage, when it is not yet known exactly what transpired, it would
4  be premature to dismiss these alternative state law claims.

## II.    MOTION TO DISMISS LEGAL STANDARDS

6      Well-pled allegations in the Complaint are considered true for purposes of a
7  Fed. R. Civ. P. 12(b)(6) motion to dismiss. UMG Recordings, Inc. v. Veoh
8  Networks, Inc., 718 F.3d 1006, 1014 (9th Cir. 2013). A Rule 12(b)(6) dismissal is
9  proper only when the complaint fails to allege sufficient facts under a cognizable
10  legal theory. Id.; see also Shroyer v. New Cingular Wireless Services, Inc., 622 F3d
11  1035, 1041 (9th Cir. 2010). To survive a motion to dismiss, "a complaint must
12  contain sufficient factual matter, accepted as true, to 'state a claim to relief that is
13  plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell
14  Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007)). This includes all
15  "reasonable inference[s]" that can be drawn from the pled facts and allegations. Id.

16      The purpose of pleading is not to prove the claims, but to simply put
17  Defendants on notice of what they must defend against.

## III.   APPLICATION - THE MOTION TO DISMISS SHOULD BE DENIED

### A.    The Claims for Secondary Infringement are Well Pled

20      In addition to direct infringement—which defendants are not moving to
21  dismiss—Plaintiffs have alleged that Defendants are also liable for contributory and
22  vicarious copyright infringement. In response to the Court's prior order on the
23  motion to dismiss the original complaint, Plaintiffs have added significant facts
24  supporting secondary liability, including detailing how each defendant owns the
25  infringing song.

26      Contributory infringement is "a form of secondary liability with roots in the
27  tort-law concepts of enterprise liability and imputed intent." Perfect 10, Inc. v. Visa
28  Int'l Serv., Ass'n, 494 F.3d 788, 794-95 (9th Cir. 2007). "[O]ne contributorily

8

infringes when he (1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." Id. at 795.

The elements of vicarious infringement are: "the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." Perfect 10, Inc. v. Giganews, Inc., 847 F. 3d 657, 673 (9th Cir. 2017).

Here, Plaintiffs' complaint shows that Defendants have divided the ownership of the infringing song between numerous individuals and entities. See First Amended Complaint, at ¶28-35. Moreover, there are tens of millions of separate infringements in question, all of which generated significant revenue for these Defendants. See First Amended Complaint, at ¶9.

While some of the Defendants are undoubtedly liable for direct infringement for some of the infringements, many of the defendants may not have directly infringed themselves, but instead contributed to the infringement or vicariously profited from the illegal use of the infringing song.

For example, a songwriter directly copying Plaintiffs' copyright and distributing it to the public has likely committed direct infringement. However, is an administrator of an infringing copyright, who receives a share of the song's profits by in return for collecting royalties, directly or secondarily liable?

Without discovery to determine the exact role each defendant played in "administering" and "licensing" the copyright, it is premature to state with confidence whether the infringement by that defendant was direct, contributory, or vicarious.

The First Amended Complaint states:

> Every owner, publisher, and administrator of the *Starboy* album knows about the infringement (i.e. the exploitation of "A Lonely Night" on the internet and by physical sales), encourages and wants the exploitation to occur, has the right to

9

> control such infringement, and receives financial compensation as a result of the exploitation of the infringing work "A Lonely Night."

FAC, at ¶35. This adequately pleads contributory and vicarious infringement in the event direct infringement against one of these defendants is not appropriate.

For this reason, the First Amended Complaint alleges at paragraph 229 that contributory infringement is an appropriate cause of action in the alternative to direct infringement, if direct infringement is not appropriate:

> 229. In the event that some or all of Defendants' actions and inactions are determined to not be directly infringing, then they are alleged to be contributorily infringing. For instance, as this complaint details, Defendants license, market, and otherwise allow the song to be placed on streaming and download services, where third parties infringe the copyright, for which Defendants receive remuneration. See Amended Complaint, ¶28-35.

> 230. As owners, administrators, or publishers of the infringing song Defendants had and have knowledge of the ongoing infringing activity that is the subject of this lawsuit—the use of "I Need to Love" in "A Lonely Night"—and have induced and materially contributed to the infringing conduct of the direct infringers of Plaintiffs' copyrighted song

FAC, ¶229-30. The complaint also alleges that vicarious infringement is also appropriate in the absence of direct infringement:

> 236. In the event that some or all of Defendants' actions and inactions are determined to not be directly infringing, then they are alleged to be vicariously infringing. For instance, as this complaint details, Defendants have the right and ability to stop

10

or limit the exploitation of the infringing song on streaming and download services, but have declined to do so. They receive remuneration for the exploitation of the songs on these services. <u>See</u> Amended Complaint, ¶28-35.

237. Here, as owners, publishers, or administrators, all Defendants profit from the dissemination, sale, distribution, and licensing of the song "A Lonely Night."

238. Furthermore, Defendants, as producers, publishers, songwriters, and copyright holders, all have control over the dissemination, sale, distribution, and licensing of the song "A Lonely Night" but have not stopped the exploitation of the infringing work.

FAC, ¶236-38. FRCP 8 expressly authorizes a plaintiff to plead claims in the alternative. <u>See</u> FRCP 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.").

The purpose of pleading the secondary infringement claims in the alternative is to account for the fact that it is unknown at this point whether a specific infringement by a specific defendant is more appropriately characterized as direct or secondary. Discovery should proceed to determine what is the most appropriate cause of action against each defendant, depending on the infringement at issue.

The First Amended Complaint alleges significant evidence showing the role each defendant has in exploiting the infringing work[1]—more than enough to satisfy

---

[1] This includes the fact that these entities promote, market, own, publish, license, and administer the copyright in question. <u>See, e.g.,</u> FAC, at ¶ 28-32, 220. These facts support not only a claim for contributory infringement, but also for vicarious infringement. Note that an owner of an infringing song, who profits from an infringement, is almost certainly liable for vicarious infringement if direct infringement is not present. The key for pleading such secondary liability is showing (1) an

11

the fact pleading standard for contributory and vicarious infringement—and the claims should therefore be permitted to proceed to discovery. Again, note that any owner or administrator of "A Lonely Night," if not liable for direct infringement for a specific infringement, will almost certainly be liable for vicarious infringement as an owner of the song profiting off the use of the song. See Fonovisa, Inc. v. Cherry Auction, Inc., 76 F. 3d 259, 262 (9th Cir. 1996) (stating that vicarious infringement exists if defendant has right and ability to supervise infringing activity and receives direct financial benefit from infringement).[2]

Here, it is beyond peradventure that if a copyright owner is somehow not directly liable, then contributory and vicarious liable are appropriate causes of actions given their financial benefit and right and ability to supervise the infringing activity. Note that if discovery shows that direct infringement is the appropriate claim, as opposed to secondary liability, then the parties can stipulate to the dismissal of the secondary liability claims or these claims can be addressed at the dispositive motion phase by the court if need be.

Defendants falsely claim that Plaintiffs are attempting to "skirt" the Court's prior order which stated that Plaintiffs should not claim that a specific infringement by a defendant is simultaneously direct, contributory, and vicarious. See Order, at p.5. Plaintiffs have, in fact, abided by the Court's order. Plaintiffs **are not** alleging that a specific infringement by a particular defendant is simultaneously direct, contributory, and vicarious—but instead that, if an infringement is not direct, then **in the alternative** it is contributory or vicarious. This is expressly authorized by FRCP 8(d)(2). There are millions of infringements; at this early stage of the case it

---

infringement occurred, (2) that the defendant profited from the infringement, and (3) that the defendant has the right to supervise. Here, the First Amended Complaint plainly alleges a sufficient factual basis for all these elements.

[2] In Fonovisa, an auction house was held by the Ninth Circuit to be potentially liable for infringement because it supervised the infringing activity and directly benefitted from it. If an auction house can be held liable for vicarious infringement, then an actual owner and administrator of the copyright is similarly liable.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

not only possible, but likely, that some of the infringements are direct and others are contributory or vicarious.

**B.   The State Law Claims are Valid in the Alternative in the Event that Defendants Attempt to Claim they Had Authorization/License to Use Plaintiffs' Work**

The state law claims are alleged in the alternative to infringement claims and cannot be dismissed at this stage of the case. As the First Amended Complaint makes clear, these claims are alleged "in the event that this Court decides that Defendants had a license and there was no infringement." See FAC, at ¶247. If the infringement claims are proper, then these state law claims are preempted.

The issue is that Plaintiffs do not know if Defendants are going to claim that they had permission and a license to use Plaintiffs' work. If the Court finds that Defendants had permission, then infringement would not be an appropriate cause of action.

However, as authors of an underlying work, Plaintiffs would nonetheless be entitled to share in the profits of any derivative work created using their work.[3] Any derivative work is necessarily composed of preexisting material, and new material. See 17 U.S.C. § 103(b). To the extent "A Lonely Night" uses Plaintiffs' preexisting material, Plaintiffs are entitled to their fair share generated by their work. Id.; Brownstein v. Lindsay, 742 F.3d 55, 67-68 (3d Cir. 2014) (stating that underlying author is entitled to share of profits in derivative work to the extent the underlying work is incorporated into the derivative work).

Defendants' motion counters by claiming that if they had a license to use Plaintiffs' song, then Plaintiffs only resort is to sue the entity giving the license, not the other defendants. See Defense Brief, at p.14. However, none of the cases cited by Defendants remotely stand for this proposition.

---

[3] Plaintiffs also note, for purposes of preserving the argument, that they are entitled to an authorship and ownership determination of their share of the derivative work, even if Defendants

13

Again, a derivative work is by definition comprised of preexisting content and new content.[4] To the extent a derivative work uses preexisting material, then Plaintiffs are entitled to be compensated for the use of their song—regardless of whether someone gave a license to defendants to use Plaintiffs' work. Defendants' contention, that because they added new material to Plaintiffs' preexisting work, that they therefore can collect all the profits from the song for themselves is baseless.

Consider the following hypothetical: a defendant creates a derivative work with 5% new material and 95% preexisting material. Would the defendant be entitled to refuse to share the monies made by the song with the authors of the preexisting work, or to refuse to credit them with authorship and ownership? The answer is no.

## IV.   CONCLUSION

Defendants' motion is without merit and should be denied. If the Court perceives any deficiency with Plaintiffs' complaint, they respectfully request permission to amend to fix any defects.

*\*\*\*\*\**

*Respectfully submitted,*

Francis Alexander, LLC

*/s/ Alfred J. Fluehr*
Alfred J. Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063

---

had permission to use their song. See Doc. No. 52, at p.18.

[4] Defendants attempt to distinguish Brownstein by stating: "The crucial distinguishing fact present in *Brownstein* and absent here is that the parties were potentially co-authors of the derivative version." Def Brief, at p.16. This alleged distinction is immaterial. The Brownstein court specifically stated that it was irrelevant if the derivative work was a joint authorship, and that "The extent of Brownstein's authorship and ownership of these derivative works is a factual question that must be decided by a jury" regardless of whether the derivative is a joint work. See Brownstein, 742 F.3d at 68. Brownstein in fact stands for the broad proposition that the author of an underlying work is entitled to determination of ownership and profits to the extent his work is used in a derivative work. Defendants entirely misread Brownstein.

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

T:  (215) 341-1063
F:  (215) 500-1005
E: aj@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*

*/d/ October 28, 2019*

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# CERTIFICATE OF SERVICE

A true and correct copy of Plaintiffs' Complaint is being filed electronically with the Court and will be served upon counsel of record via ECF:

Peter J. Anderson, Esquire
Nicolette Vairo, Esquire
865 S Figueroa Street | Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Direct : (310) 260-6030
Fax: (213) 633-6899
Email: peteranderson@dwt.com
*Attorneys For Defendants Abel M. Tesfaye, Jason Quenneville, Ahmed Balshe, Wassim Salibi, The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, DaHeala & Co., Sal & Co. Management, LP, Sal & Co. LP, XO&Co., Inc., Artist Nation Management Group, Inc., Universal Music Group, Inc., UMG Recordings, Inc., Universal Music Publishing, Inc., Universal Music Corporation, Kobalt Music Publishing America Inc., Warner Chappell Music, Inc., WB Music Corp. and Songs Music Publishing LLC*

*\*\*\*\*\**

*Respectfully submitted,*

Francis Alexander, LLC

*/s/ Alfred J. Fluehr*
Alfred J. Fluehr, Esquire
280 N. Providence Road | Suite 1
Media, PA 19063
T:  (215) 341-1063
F:  (215) 500-1005
E: aj@francisalexander.com
*Law Firm / Lawyer for Plaintiffs*

16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/d/ October 28, 2019*

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT