UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss (Docket No. 67) filed by defendants Abel M. Tesfaye, Jason Quenneville, Ahmed Balshe, Wassim Salibi, The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, DaHeala & Co., LLC, SAL & CO Management LP, Sal & Co LP, XO&Co., Inc., UMG Recordings, Inc., Universal Music Group, Inc., Universal Music Publishing, Inc., Universal Music Corporation, Kobalt Music Publishing America, Inc., Warner Chappell Music, Inc., WB Music Corp., and Songs Music Publishing LLC, ("Moving Defendants").[1/]  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 18, 2019, is vacated, and the matter taken off calendar.

Plaintiffs William Smith, Brian Clover, and Scott McCulloch (collectively "Plaintiffs") commenced this action on April 3, 2019.  Plaintiffs allege that Abel Tesfaye, who performs professionally as The Weeknd, plus approximately 26 defendants who allegedly participated in the creation, publication, and distribution of the musical composition "A Lonely Night." Plaintiffs allege that "A Lonely Night" infringes the copyright they own for their musical composition "I Need to Love."

Plaintiffs' original Complaint alleged claims for:  (1) direct copyright infringement (against all defendants); (2) contributory copyright infringement (against all defendants); (3) vicarious copyright infringement (against all defendants); (4) declaration of authorship/ownership; (5) accounting - declaratory relief; (6) constructive trust - declaratory relief; and (7) unjust enrichment.  Moving Defendants filed a Motion to Dismiss that did not challenge the sufficiency of the original Complaint's claim for direct copyright infringement, but

---

[1/]   The Court has issued an order extending the time for defendants Savan Katecha, Karl Sandberg, MXM, LLC, MXM Music AB (also sued as MXM Publishing), and Wolf Cousins to file a responsive pleading.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

sought dismissal of each of the remaining claims and the prayers for punitive damages, statutory damages, and attorneys' fees.  In an August 23, 2019 Minute Order, the Court dismissed the original Complaint's second, third, fifth, sixth, and seventh claims with leave to amend, and dismissed the fourth claim, and the prayers for punitive damages, statutory damages, and attorneys' fees without leave to amend.  Plaintiffs have filed a First Amended Complaint ("1st AC") that alleges claims for:  (1) direct copyright infringement (against all defendants); (2) contributory copyright infringement (against all defendants); (3) vicarious copyright infringement (against all defendants); (4) accounting - declaratory relief; (5) constructive trust - declaratory relief; and (6) unjust enrichment.

  For purposes of a Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), plaintiffs in federal court are generally required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice."  Fed. R. Civ. P. 12(b)(6), 8(e).  The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)).  The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6).  See, e.g., Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 248  49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

  However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted).  Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."  Id. at 556, 127 S. Ct. at 1965.  For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235  36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | November 6, 2019 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

Twombly, 550 U.S. at 555, 127 S. Ct. at 1964 65 (internal quotations omitted).  In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

In their Motion to Dismiss the 1st AC, Moving Defendants again do not challenge the sufficiency of the 1st AC's claim for direct copyright infringement, but seek dismissal of all of the 1st AC's other claims.  Having reviewed the allegations contained in the 1st AC, and the arguments raised in support of and in opposition to the Motion to Dismiss, the Court concludes that the 1st AC alleges sufficient well-pleaded allegations to plausibly allege the secondary infringement and state law claims as alternatives to the unchallenged claim for direct copyright infringement.  See Fed. R. Civ. P. 8(a)(3) ("A pleading that states a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief.").  The Court therefore concludes that Plaintiffs' 1st AC satisfies the federal pleading standard.  As a result, the Court denies the Motion to Dismiss.

For all of the foregoing reasons, the Court denies Moving Defendants' Motion to Dismiss.  Defendants shall Answer the 1st AC by no later than November 21, 2019.

IT IS SO ORDERED.