UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Summary Judgment (Docket No. 113) filed by defendants Abel M. Tesfaye, Jason Quenneville, Ahmed Balshe, Wassim Salibi, The Weeknd XO, LLC, The Weeknd XO, Inc., The Weeknd XO Music, ULC, DaHeala & Co., LLC, SAL & CO Management LP, Sal & Co LP, XO&Co., Inc., UMG Recordings, Inc., Universal Music Group, Inc., Universal Music Publishing, Inc., Universal Music Corporation, Kobalt Music Publishing, Inc., erroneously sued as Kobalt Songs Music Publishing, Inc., Warner Chappell Music, Inc., WB Music Corp., Songs Music Publishing LLC, also sued as Songs of SMP, and Artist Nation Management Group, Inc., MXM, LLC, MXM Music, AB, and Wolf Cousins (collectively "Defendants").[1/]  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for July 20, 2020, is vacated, and the matter taken off calendar.

**I.    Factual and Procedural Background**

Plaintiffs William Smith, Brian Clover, and Scott McCulloch (collectively "Plaintiffs") commenced this action on April 3, 2019.  After the Court granted a Motion to Dismiss challenging the sufficiency of certain claims asserted in the original Complaint, Plaintiffs filed the operative First Amended Complaint ("1st AC"), which asserts claims against Abel Tesfaye, who performs professionally as The Weeknd, plus dozens of other individual and corporate defendants who participated in the creation, publication, and distribution of the musical composition "A Lonely Night."  Plaintiffs allege that "A Lonely Night" infringes the copyright they own for their musical composition "I Need to Love."  The 1st AC alleges claims for: (1) direct copyright infringement; (2) contributory copyright infringement; (3) vicarious

---

[1/]    On September 4, 2020, Plaintiffs voluntarily dismissed the claims they asserted against several other defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

copyright infringement; (4) accounting - declaratory relief; (5) constructive trust - declaratory relief; and (6) unjust enrichment.

In 2004 and 2005, Plaintiffs, who all reside in the United Kingdom ("UK"), wrote and recorded the musical composition "I Need to Love" in the UK. In 2005, Plaintiffs transferred their copyright in three musical compositions, including "I Need to Love" to a UK company, Big Life Music Limited. Paul Kennedy, a music manager and music producer who worked with Plaintiffs, states that while he worked at Big Life Music, he uploaded "I Need to Love" to a database using Big Life Music's "song search" software, which provided music industry executives the ability to search Big Life Music's catalog using keywords and genre searches to find titles for artists looking for songs.[2] Mr. Kennedy states that at least some of the entity defendants had access to this catalog. In 2008, Universal Music Publishing Limited, also a UK company, acquired Big Life Music Limited and changed Big Life Music Limited's name to Universal Music Publishing BL Limited. On November 11, 2016, Universal Music Publishing BL Limited, "relinquished any and all claim in and to [three] unexploited compositions," including "I Need to Love" back to Plaintiffs.

Mr. Tesfaye's album, Starboy, was released to the public on November 25, 2016, and includes the song, "A Lonely Night." "A Lonely Night" was composed and recorded in February 2016, at defendant MXM Music, AB's recording studio in West Hollywood, California. At the West Hollywood recording studio in February 2016, Ali Payami, Peter Svensson, and defendants Karl Martin Sandberg, Savan Kotecha, Ahmed Balshe, and Abel Tesfaye, collaborated to create and record "A Lonely Night." Once "A Lonely Night" was composed and recorded at the West Hollywood recording studio, the studio recordings of the various tracks were mixed by Serban Ghenea at a recording studio in Virginia. Mr. Ghenea, the engineer and mixer who mixed "A Lonely Night," had never heard of plaintiffs and had never heard "I Need to Love."

"I Need to Love" was not widely distributed to the public before the November 25, 2016, release of "A Lonely Night." All of the people involved in composing and recording of "A Lonely Night" state that they had never heard of Plaintiffs and none had ever heard "I Need to Love" prior to their creation of "A Lonely Night." Plaintiffs never provided "I Need to Love" to any of the individual defendants, never communicated with any of the entity defendants, and nobody has ever told Plaintiffs that anyone provided "I Need to Love" to any of the individual or entity defendants.

---

[2]   The Court overrules Defendants' relevance objections to the statements contained in Mr. Kennedy's Declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

In the 1st AC, the only theory alleged by Plaintiffs to support that Defendants had access to "I Need to Love" prior to the creation of "A Lonely Night" was that Jason Quenneville, one of the writers credited on "A Lonely Night," was an in-house producer for Universal Music Publishing who had access to Plaintiffs' songs. Mr. Quenneville was not present when "A Lonely Night" was composed and recorded at the recording studio in West Hollywood or when it was mixed by Mr. Ghenea, and did not hear the song until he listened to the Starboy album. According to Mr. Quenneville, he is credited as a writer on "A Lonely Night" only because it includes in a verse a portion of the vocal melody and lyrics from an unfinished song that he and Mr. Tesfaye worked on in 2013. Mr. Quenneville's affiliation with Universal Music Corp. as a songwriter did not begin until 2014, after he and Mr. Tesfaye had collaborated on the unfinished song.

Plaintiffs attached to their original Complaint and to the 1st AC a report prepared by Alexander Stewart, Ph.D., dated January 8, 2019. Dr. Stewart, a Professor of Music at the University of Vermont, also served as the expert on behalf of the plaintiff in Skidmore v. Led Zeppelin, 952 F.3d 1051 (9th Cir. 2020).[3/] Dr. Stewart's January 8, 2019 Report compares "I Need to Love" and "A Lonely Night," and states that his analysis "has revealed substantial similarities between these two songs. Subjectively, I believe these similarities are so clear as to be obvious even to a casual listener." The January 8, 2019 Report includes comparisons of general characteristics, harmony, the "hook" of each song, and other musical elements. During his deposition, taken on May 27, 2020, Dr. Stewart stated that it was "likely" that copying occurred and "unlikely that ["A Lonely Night"] was . . . independently created."

On June 29, 2020, in support of Plaintiffs' Opposition to the Motion for Summary Judgment, Dr. Stewart supplied a Declaration and a "Rebuttal Report," dated June 29, 2020, which, for the first time, make some effort to analyze the songs at issue with "prior art." Defendants object to Dr. Stewart's Declaration and Rebuttal Report because they are untimely and, by failing to filter out unprotectable elements, fail to offer the "extrinsic analysis" for which expert testimony is relevant. Indeed, when Plaintiffs' new counsel sought an extension of certain pretrial dates on June 8, 2020, including the discovery cutoff date, they did not specifically seek additional time to augment the evidence supplied by their designated expert.

---

[3/] The attorneys who filed the action on behalf of Plaintiffs similarly represented the plaintiffs in Skidmore, but the Court granted their Motion to Withdraw after the attorney/client relationship deteriorated and Plaintiffs accused their counsel of having been bribed by the other side. In granting the Motion to Withdraw, the Court sua sponte continued certain pretrial and trial dates, including the discovery cutoff date. Plaintiffs obtained new counsel approximately 25 days before the continued discovery cutoff date expired.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

Instead, without leave of Court, they simply filed Dr. Stewart's Rebuttal Report after the deadline for such submissions. The Court sustains Defendants' objections to Dr. Stewart's Declaration and Rebuttal Report. See Fed. R. Civ. Pro. 26(a)(2)(D) & 37(c)(1); Fed. R. Evid. 401; see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

Defendants' Motion for Summary Judgment is supported by a Declaration and Expert Report from Lawrence Ferrara, Ph.D., a Professor of Music at New York University. Dr. Ferrara was the expert on behalf of the defendants in Skidmore.[4] According to Dr. Ferrara:

> [M]usical elements that are found in both "I Need to Love" and "A Lonely Night" are in the very well-known hit songs, "Heart of Glass" (recorded by Blondie and released on the album Parallel Lines in 1978 and as a single in 1979) and "The World Is Not Enough" which was the title song in the 1999 James Bond movie, The World Is Not Enough (released in 1999 as track 1 on the movie sound track album and as a single in 1999).
>
> After removing the expression that is also found in "Heart of Glass", the melodic similarity that remains between "I Need to Love" and "A Lonely Night" is only 3 fragmentary pitches (merely 1 isolated pitch per bar). From a musicological perspective, the similarities that preexist "I Need to Love" in "Heart of Glass" alone (along with "The World Is Not Enough" and another prior art work identified below) cannot be used to support a claim of copying, or a claim of the copying of expression that can be monopolized in "I Need to Love". Consequently, when viewed in the context of prior art, there are no significant structural, harmonic, rhythmic, lyrical, or melodic similarities between "A Lonely Night" and "I Need to Love," and there is no support for a claim that any musical elements found in "A Lonely Night" were copied from "I Need to Love".

(Ferrara Expert Report ¶¶ 3 & 4.)

---

[4] Defendants in this action are represented by the same counsel that represented the defendants in Skidmore.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

In their Motion for Summary Judgment, Defendants contend that Plaintiffs' claim for direct copyright infringement fails both because Plaintiffs have no evidence that Defendants had access to Plaintiffs' song and because the protectable elements in "I Need to Love" are not substantially similar to "A Lonely Night." According to Defendants, because Plaintiffs' claim for direct copyright infringement fails as a matter of law, the 1st AC's claims for contributory and vicarious infringement also fail. Finally, Defendants assert that they are entitled to summary judgment on Plaintiffs' state law claims because Defendants have not asserted, and there is no evidence to support, a "secret license" to support the state law claims as alternatives to the claims brought under the Copyright Act.

## II. Legal Standard

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show an absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party does so, the non-moving party must go beyond the pleadings and designate specific facts showing a genuine issue for trial. Id. at 324. The court does "not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." Balint v. Carson City, 180 F.3d 1047, 1054 (9th Cir 1999). A "'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'" does not present a genuine issue of material fact. United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir), cert denied, 493 U.S. 809, 110 S. Ct. 51, 107 L. Ed. 2d 20 (1989) (emphasis in original, citation omitted).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631-32 (9th Cir 1987). The court must view the inferences drawn from the facts "in the light most favorable to the nonmoving party." Id. at 631 (citation omitted). Thus, reasonable doubts about the existence of a factual issue should be resolved against the moving party. Id. at 630-31. However, when the non-moving party's claims are factually "implausible, that party must come forward with more persuasive evidence than would otherwise be [required] . . . ." California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir 1987), cert denied, 484 U.S. 1006, 108 S. Ct. 698, 98 L. Ed. 2d 650 (1988) (citation omitted). "No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment." Id. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

**III.   Analysis**

The elements of copyright infringement are: (1) ownership of a valid copyright and (2) unauthorized copying by the defendant of protected elements of the work.  See Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003).  The Ninth Circuit recently emphasized that, "[a]lthough our cases have not always made this point explicit, the second element has two distinct components: 'copying' and 'unlawful appropriation.'" Rentmeester v. Nike, Inc., 883 F.3d 1111, 1117 (9th Cir. 2018).  "Proof of copying by the defendant is necessary because independent creation is a complete defense to copyright infringement.  No matter how similar the plaintiff's and the defendant's works are, if the defendant created his independently, without knowledge of or exposure to the plaintiff's work, the defendant is not liable for infringement." Id.  According to the Ninth Circuit:

> Proof of unlawful appropriation—that is, illicit copying—is necessary because copyright law does not forbid all copying.  The Copyright Act provides that copyright protection does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in [the copyrighted] work."  17 U.S.C. § 102(b).  Thus, a defendant incurs no liability if he copies only the "ideas" or "concepts" used in the plaintiff's work.  To infringe, the defendant must also copy enough of the plaintiff's expression of those ideas or concepts to render the two works "substantially similar."

Id.  "Copying may be established by showing that the infringer had access to plaintiff's copyrighted work and that the works at issue are substantially similar in their protected elements."  Cavalier v. Random House, Inc., 297 F.3d 815, 822 (9th Cir. 2002) (citing Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990)).  In determining if two works are substantially similar, the Ninth Circuit's test contains both an extrinsic and an intrinsic component.  Funky Films, Inc. v. Time Warner Entm't Co., 462 F.3d 1072, 1077 (9th Cir. 2006).  When assessing substantial similarity as a matter of law, "courts apply only the extrinsic test." Id.  "[T]he intrinsic test, which examines an ordinary person's subjective impressions of the similarities between two works, is exclusively the province of the jury."  Id.

The extrinsic test "compares the objective similarities of specific expressive elements in the two works."  Skidmore, 952 F.3d at 1064.  "Crucially, because only substantial similarity in protectable expression may constitute actionable copying that results in infringement liability, 'it is essential to distinguish between the protected and unprotected material in a plaintiff's work.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

Id. (quoting Swirsky v. Carey, 376 F.3d 841, 845 (9th Cir. 2004)). "If there's a wide range of expression (for example, there are gazillions of ways to make an aliens-attack movie), then copyright protection is 'broad' and a work will infringe if it's 'substantially similar' to the copyrighted work. If there's only a narrow range of expression (for example, there are only so many ways to paint a red bouncy ball on blank canvas), then copyright protection is 'thin' and a work must be 'virtually identical' to infringe." Mattel, Inc. v. MGA Entm't, Inc., 616 F.3d 904, 913-14 (9th Cir. 2010).

The extrinsic test places the burden on the plaintiff to identify the sources of the alleged similarity between the plaintiff's work and the allegedly infringing work. See Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1443 (9th Cir. 1994). Once the plaintiff has identified the alleged similarities, "[u]sing analytic dissection, and, if necessary, expert testimony, the court must determine whether any of the allegedly similar features are protected by copyright." Id. In comparing these features, the Court must first filter out any "unprotectable elements." Id. "'Even if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity.'" Shaw, 919 F.2d at 1363 (quoting Baxter v. MCA, Inc., 812 F.2d 421, 425 (9th Cir. 1987)).

**A.     Access**

"When the plaintiff lacks direct evidence of copying, he can attempt to prove it circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." Rentmeester, 883 F.3d at 1117. In Skidmore, the Ninth Circuit abandoned its "inverse ratio" rule to prove copying. See Skidmore, 952 F.3d at 1069 ("Access does not obviate the requirement that the plaintiff must demonstrate that the defendant actually copied the work. By rejecting the inverse ratio rule, we are not suggesting that access cannot serve as circumstantial evidence of actual copying in all cases; access, however, in no way can prove substantial similarity.").

In the absence of direct evidence of copying, "[t]o prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work. Where there is no direct evidence of access, circumstantial evidence can be used to prove access either by (1) establishing a chain of events linking plaintiff's work and the defendant's access, or (2) showing that plaintiff's work has been widely disseminated." Art Attacks Ink, LLC v. MGA Entm't Ins., 581 F.3d 1138, 1143 (9th Cir. 2009) (citing Three Boys Music Corp. v. Bolton, 212 F.3d 477, 481-82 (9th Cir. 2000)); see also Loomis v. Cornish, 836 F.3d 991, 995 (9th Cir. 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

     In <u>Loomis</u>, the Ninth Circuit explained that "multiple courts have held that a plaintiff 'cannot create a triable issue of access merely by showing 'bare corporate receipt' of her work by an individual who shares a common employer with the alleged copier.'" 836 F.3d at 995 (quoting <u>Bernal v. Paradigm Talent & Literary Agency</u>, 788 F. Supp. 2d 1043, 1056 (C.D. Cal. 2010)). In situations involving corporate receipt, "'it must be reasonably possible that the paths of the infringer and the infringed work crossed.'" <u>Id.</u> at 995-96 (quoting <u>Towler v. Sayles</u>, 76 F.3d 579, 582-85 (4th Cir. 1996)).

     As in <u>Loomis</u>, where the Ninth Circuit affirmed summary judgment in favor of defendants based on a failure to provide admissible evidence that rose above the level of "bare possibility" of access based, in part, on the fact that the songwriters "do not know, have never met, and have never received anything" from the plaintiff, the same is true here. <u>Id.</u> at 996. Plaintiffs also do not dispute that "I Need to Love" has not been widely distributed. Plaintiffs' evidence that their song was uploaded to a database that is searchable by keyword and genre is, at most, evidence of "bare corporate receipt." <u>Id.</u> at 995. There is no evidence that those involved with the creation of "A Lonely Night" ever accessed "I Need to Love" from the database. Moreover, because the evidence is that the database is searchable by keyword, and the lyrics in the two songs are not similar, there is no reasonable inference for anything more than a "bare possibility" that Defendants accessed "I Need to Love." <u>Id.</u> at 996 (citing <u>Jorgensen v. Epic/Sony Records</u>, 351 F.3d 46, 53 (2d Cir. 2003) ("Bare corporate receipt . . . , without any allegation of a nexus between the recipients and the alleged infringers, is insufficient to raise a triable issue of access.")).

     **B.**    <u>**Substantial Similarity of Protectable Elements**</u>

     The Ninth Circuit's <u>Skidmore</u> decision recently summarized "background principles" applicable to copyright claims involving musical compositions:

> Although copyright protects only original expression, it is not difficult to meet the famously low bar for originality. . . . Even in the face of this low threshold, copyright <u>does</u> require at least a modicum of creativity and does not protect every aspect of a work; ideas, concepts, and common elements are excluded. Nor does copyright extend to "common or trite" musical elements, or "commonplace elements that are firmly rooted in the genre's tradition." These building blocs belong in the public domain and cannot be exclusively appropriated by any particular author. Authors borrow from predecessors' works to create new ones, so giving exclusive rights to the first author who incorporated an idea, concept, or common

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

       element would frustrate the purpose of the copyright law and curtail
       the creation of new works.

Skidmore, 952 F.3d at 1069 (citations omitted). The Ninth Circuit explained that "[w]e have never extended copyright protection to just a few notes. Instead, we have held that 'a four-note sequence common in the music field' is not copyrightable expression in a song. In the context of a sound recording copyright, we have also concluded that taking six seconds of the plaintiff's four-and-a-half-minute sound recording—spanning three notes—is de minimis, inactionable copying." Id. at 1071 (quoting Granite Music Corp. v. United Artists Corp., 532 F.3d 718, 721 (9th Cir. 1976).

       Dr. Stewart's January 8, 2019 Report does not filter out unprotectable elements or otherwise assist the Court in performing the "analytic dissection" required of the extrinsic test. Nor does Dr. Stewart's January 8, 2019 Report provide any information about prior art or how common it is for songs to be in a "minor mode" (F-sharp minor for "I Need to Love" and G minor for "A Lonely Night) or the number of beats per minute (114 beats per minute for "A Lonely Night" and 120 beats per minute for "I Need to Love"). In his deposition, Dr. Stewart testified that many songs before both "I Need to Love" and "A Lonely Night" are in a minor mode, in the key of either F-sharp minor or G minor, with a tempo in the range of 114 to 120 beats per minute. Other elements, like an echo convention, are also commonplace. Plaintiffs also do not dispute that "A Lonely Night" has a staccato and syncopated bass rhythm with short bursts of notes alternating with rests, while the bass in "I Need to Love" is fairly constant and contains many sustained notes.

       Dr. Ferrara's April 5, 2020 Report analyzes the two compositions and, for each similarity, states that those similarities are commonplace or exist in prior songs. Instead, according to Dr. Ferrara, once the prior art is filtered out, the only similarity between "I Need to Love" and "A Lonely Night" are three "isolated pitches, only one pitch in each of three bars, with different rhythmic durations between the melodies." (Ferrara Report ¶ 48.) As the Court has already explained, Plaintiffs did not timely supply a rebuttal to Dr. Ferrara's Report, and the Court has sustained Defendants' objections to Dr. Stewart's untimely Rebuttal Report and Declaration. Nevertheless, even if the Court were to consider Dr. Stewart's untimely rebuttal opinions, those opinions do not create a triable issue of fact because Dr. Stewart has still not attempted to filter out the unprotectable elements in his untimely submissions. Although Dr. Stewart acknowledges the similar notes and musical elements in the prior art, he dismisses these similarities based on his opinion that "A Lonely Night" is more similar to "I Need to Love" than it is to the prior art. For instance, he disregards the similarities between Plaintiffs' and Defendants' works and Blondie's "Heart of Glass" largely because "Heart of Glass" is in major mode, while the parties' works are in minor mode, but because there are only two modes, this distinction does little to

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

distinguish the similarities in the other musical elements present in all three works. As a result, he fails to filter out these common elements without disputing that they are common. Moreover, while Dr. Stewart disagrees with Dr. Ferrara's methodology, he states that even if he accepted Dr. Ferrara's conclusion "that only three notes of protectable elements remain after considering prior are, those 'three notes' are among the most important in these melodies . . . ." (Stewart Decl. ¶ 11.) But the Ninth Circuit has concluded that three consecutive notes are not protectable, no matter how important they might be to a work, so a similarity in three isolated notes or pitches cannot be protectable as a matter of law. See Skidmore, 952 F.3d at 1071. In the end, Dr. Stewart's opinions concerning the qualitative and quantitative similarities between "I Need to Love" and "A Lonely Night" are thinly veiled opinions about the intrinsic similarities between the works rather than evidence that satisfies the extrinsic test.

Plaintiffs also assert in their Opposition a "selection and arrangement" theory. The Ninth Circuit has "extended copyright protection to 'a combination of unprotectable elements . . . only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.' Put another way, what a selection and arrangement copyright protects is the particular way in which the artistic elements form a coherent pattern, synthesis, or design." Id. at 1074 (quoting Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2004)). Importantly, "a selection and arrangement copyright is infringed only where the works share, in substantial amount, the 'particular,' i.e., the 'same,' combination of unprotectable elements. A plaintiff thus cannot establish substantial similarity by reconstituting the copyrighted work as a combination of unprotectable elements and then claiming that those same elements also appear in the defendant's work, in a different aesthetic context." Id. at 1075. Here, Plaintiffs' asserted "selection and arrangement" of unprotectable similarities are neither original nor are they shared "in substantial amount."

Finally, because the only timely-submitted evidence establishes that there are no protectable similarities, and the other potential similarities are either not protectable musical conventions or are seen in prior compositions, Plaintiffs have failed to establish a triable issue of fact that the two works are "strikingly similar." Indeed, at his deposition, Dr. Stewart testified only that is was "likely" that the similarities between "I Need to Love" and "A Lonely Night" resulted from copying. As a result, Plaintiffs cannot rely on "striking similarity" to "give rise to a permissible inference of copying" in the absence of access. Baxter v. MCA, Inc., 812 F.2d 421, 423 (9th Cir. 1987).

Plaintiffs have failed to establish a triable issue of fact that Defendants either had access to or copied the protectable elements of their work. The Court therefore concludes that Defendants are entitled to summary judgment on Plaintiffs' claim for direct copyright infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

### C.  Claims for Contributory Infringement and Vicarious Infringement

"It is well-established that '[s]econdary liability for copyright infringement does not exist in the absence of direct infringement . . . .'" UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1031 (9th Cir. 2013) (quoting A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n.2 (9th Cir. 2001)).  Here, the Court has concluded that Defendants are entitled to summary judgment on Plaintiffs' claim for direct infringement.  As a result, Defendants are also entitled to summary judgment on Plaintiffs' claims for secondary infringement.  See, e.g., Lawrence v. Sony Pictures Entm't, Inc., 534 F. App'x 651, 654 n.2 (9th Cir. 2013) ("Since Lawrence has failed to raise a material issue of fact with regard to direct copyright infringement of either the Video or the Book, she necessarily fails to establish contributory or vicarious copyright infringement." (citing A & M Records, 239 F.3d at 1013 n.2)).

### D.  Alternative State Law Claims

The Court denied Defendants' Motion to Dismiss Plaintiffs' claims for accounting, constructive trust, and unjust enrichment asserted in the 1st AC notwithstanding Plaintiffs' acknowledgment that those claims would be preempted under the Copyright Act, see 17 U.S.C. § 301(a), after Plaintiffs made clear in their 1st AC, that they were pursuing those claims only in the alternative should Defendants contend that they obtained a license during the period when Universal Music Publishing BL Limited owned the rights to "I Need to Love" before it relinquished those rights to Plaintiffs in 2016.  During the course of the litigation, Defendants have never asserted that they possessed a license for Plaintiffs' song.  Perhaps, prior to discovery, Plaintiffs could refer to the possibility of a "secret license."  Now, after having an opportunity to engage in discovery, Plaintiffs still have no evidence of any license.  Without evidence of a license, Plaintiffs' state law claims fail as a matter of law.  Additionally, without evidence of a license, Plaintiffs' state law claims lack the "extra element" required to avoid the Copyright Act's preemption provision.  See Laws v. Sony Music Entm't, Inc., 448 F.3d 1134, 43 (9th Cir. 2006).  The Court therefore concludes that Defendants are entitled to summary judgment on Plaintiffs' state law claims.

### E.  Request for Continuance Pursuant to Federal Rule of Civil Procedure 56(d)

In their Opposition, Plaintiffs request a continuance of the hearing on the Motion for Summary Judgment so that they may conduct additional discovery.  Specifically, Plaintiffs' counsel seeks to conduct six depositions of witnesses located outside the United States concerning issues related to access and copying.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

      Federal Rule of Civil Procedure 56(d) grants courts the discretion to extend a response deadline where "the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Accordingly, to meet its burden under Rule 56(d), the non-moving party must show: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) that the facts sought exist; and (3) that the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008). An extension is not justified merely because discovery is incomplete or desired facts are unavailable. See Jensen v. Redev. Agency of Sandy City, 998 F.2d 1550, 1554 (10th Cir. 1993). Rather, "the party filing the affidavit must show how additional time will enable him to rebut the movant's allegations of no genuine issue of fact." Id. "[T]he party seeking a continuance bears the burden to show what specific facts it hopes to discover that will raise an issue of material fact." Continental Maritime v. Pacific Coast Metal Trades, 817 F.2d 1391, 1395 (9th Cir. 1987). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac-Tel. Teletrac, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). A district court does not abuse its discretion in denying a Rule 56(d) request for a continuance when the nonmovant "failed diligently to pursue discovery . . . ." Id. at 1161.

      Plaintiffs have not met their burden to justify a Rule 56(d) continuance. Specifically, Plaintiffs' request for a continuance, and the supporting Declaration submitted by Plaintiffs' counsel, only broadly list issues related to copying and access that they seek to elicit from the six proposed deponents. Plaintiffs' request does not attempt to meet, much less satisfy, their burden to identify the particular facts they seeks, that they exist, or how they are necessary to prevent summary judgment. Additionally, this action had been pending for more than a year and the Court had issued its Civil Trial Scheduling Order approximately six months before Plaintiffs' original counsel moved to withdraw. The Court then sua sponte extended the discovery cutoff date by four weeks. Plaintiffs knew of the witnesses it now seeks to depose at the time they commenced the action. There is no reason to conclude that Plaintiffs could not have completed the discovery they now seek within the deadlines set by the Court had they acted with diligence. The Court therefore denies Plaintiffs' request for a continuance pursuant to Rule 56(d).

## Conclusion

      For all of the foregoing reasons, the Court concludes that Plaintiffs have failed to establish genuine disputed issues of material fact concerning Defendants' access to Plaintiffs' musical composition or that Defendants' musical composition is substantially similar to Plaintiffs' work in its protectable elements. As a result, Plaintiffs cannot establish a triable issue of fact as to either access or copying to prevail on their claims for copyright infringement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-2507 PA (MRWx) | Date | July 22, 2020 |
|---|---|---|---|
| Title | William Smith, et al. v. The Weeknd, et al. | | |

Plaintiffs' state law claims also fail as a matter of law. The Court therefore grants Defendants' Motion for Summary Judgment. The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.